[No. 4309.]

## JULIUS GEORGE v. THE NORTH PACIFIC TRANS-PORTATION COMPANY.

ACTION TO ABATE A NUISANCE IN A STREET.—Until a street in the city of San Francisco, covered by the waters of the Bay, is filled in or planked, or otherwise made capable of being used by the public as a street, the owner of a lot fronting on the same, cannot maintain an action for damages caused by placing an obstruction in the street, and for an abatement of the obstruction as a nuisance.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

The plaintiff owned lot seven hundred and twenty-four and the northerly half of lot seven hundred and twenty-five, fronting sixty-eight and nine-twelfths feet on East street. East street was marked and laid out upon the official map of the city of San Francisco, in the year 1851, being the same referred to in the act of the Legislature entitled "An Act to provide for the disposition of certain property in the State of California," approved March 26, 1851 (*vide* Statutes 1851, p. 307), as a public street, and it was referred to as a public street in subsequent acts of the Legislature, and on June 27, 1856, was declared an open public street by an ordinance of the board of supervisors of the city and county of San Francisco, but the same was never filled in or graded, or actually opened to public use, the same being, until quite recently, covered by the waters of the Bay of

San Francisco, and actually used by private parties, who piled and capped and planked portions of the same as lumber-yards, and for other private uses, and who, upon parts of so-called East street, projected wharves into the Bay of San Francisco across the same, which wharves and lumber-yards were used by said parties for their own private uses, and at which wharves they were accustomed to allow lumber and freight to be landed from ships and vessels, on payment of dockage and wharfage to them.

In front of the plaintiff's lot, extending thirteen feet therefrom, was a slip called Pelican Slip, and a wharf extended from the front of the lot to the slip. Vessels were in the habit of entering the slip with lumber, etc., and the plaintiff was accustomed to rent his lot as a place of deposit for lumber, at about $200 per month. The defendant erected a fence across the head of the slip in East street. The fence prevented the hauling of lumber across the wharf to the plaintiff's lot, and materially reduced the rental value of the same. This action was brought to recover damages, and to abate the fence as a nuisance. The court rendered judgment for the defendant and the plaintiff appealed.

*Daingerfield & Olney and A. H. Loughborough,* for the Appellant.

If this were only a *cul-de-sac,* it is a highway; hence the finding that the street was not open all the way through does not militate against us. (Angell & Ames on Highways, Sec. 37; *People* v. *Kingman,* 24 N. Y. 565; *Danforth* v. *Durell,* 8 Allen, 242.)

The Bay of San Francisco is a public highway, it being navigable water and an outlet to the ocean, and hence no one has a right to obstruct its navigation. (Angell on Highways, Sec. 53; *Wilson* v. *Blackbird Creek,* 2 Pet. U. S. 245.) The Legislature even could not obstruct us in reaching the Bay from our lands. (Angell on Highways, Sec. 55; *Gavit* v. *Chambers,* 3 Ohio, 495, where it was decided that the Legislature could not authorize the building of a dam across the Muskingum River; *Cowper* v. *Hall,* 5 Ohio, 320.)

*McAllisters & Bergin,* for the Respondent.

Until a street is actually open to and in the use of the public no action will lie on the part of a private individual for its alleged obstruction. (*Sutherland* v. *Jackson,* 30 Me. 465; *Tilmand* v. *People,* 12 Mich. 405; 9 Id. 122.)

Corporate authorities are the exclusive judges as to how and when streets should be opened. (Dillon, Mun. Cor., Sec. 543; *Fonda* v. *Borst,* 2 Keys, N. Y. 52.)

There must be a right of common use of the street in order to support such an action as the present. The appellant had no right of common use of East street for the purpose alleged. Nuisance cannot be predicated of a street or highway to be hereafter laid out and opened to the public. (*Bear River, etc.,* v. *Boles,* 24 Cal. 362.)

By the COURT:

Until a street in the city of San Francisco, covered by the waters of the Bay, is filled in or planked, or otherwise made capable of being used by the public as a street, it cannot be obstructed, and no action of the character of the present will lie on the part of a proprietor on the line of the street. It is the obstruction to the use by the general public, but which has been productive of special and peculiar damages to the property of the individual, which constitutes the cause of action, and it is clear that if the street is not used, cannot be used, and never has been used by the public as a highway, the private proprietor cannot have been specially injured by a public nuisance.

Judgment affirmed.