[No. 3579.]

# J. G. W. SCHULTE and GEORGE OSMER v. THE NORTH PACIFIC TRANSPORTATION COMPANY.

Nuisance by Obstructing a Street.—If, in front of a lot in a city, there is a public street in a condition to be used as such, and an obstruction is placed on the street by which its use as a highway is impeded, and which prevents the owner of the lot from having free access to the street threfrom, he may maintain an action in his own name against the person maintaining the obstruction to abate it as a nuisance and to recover damages.

Idem.—In such case it is not material by whom the street was improved, whether by the public or by private persons.

Appeal from the District Court, Fifteenth Judicial District, City and County of San Francisco.

The lot owned by the plaintiff was beach and water lot No. 730, being portion of the water-front of the city and county of San Francisco, sold by the State. East street was below high-water-mark, and was declared to be a public street by an act approved March 26, 1851, being an act for the sale of land below high-water-mark in the city of San Francisco. It had piles driven into it, and was planked above the water, and the defendant claimed that this had been done by private persons and not by the public. The lease from the State Harbor Commissioners, on which the defendant relied, was executed in pursuance of an act approved March 27, 1868, entitled "An Act to authorize the Board of State Harbor Commissioners to lease a portion of the water-front of the City and County of San Francisco." It was executed in May, 1868, to the California, Oregon and Mexico Steamship Company, and by said company assigned to the defendant. The plaintiff had judgment for damages and to abate the nuisance, and the defendant appealed.

The other facts are stated in the opinion.

*G. W. Gordon*, for the Appellant.

An individual cannot maintain a suit of this character, when he is injured only in rights enjoyed by himself as one of the public; his only right in the street is in common with

the rest of the public.   It makes no difference as to the remedy, that he would probably have more occasion to use this part of the highway than others.   The injury still consists in his being deprived of the enjoyment of a common public right, which is not his private property.   The evidence of plaintiffs, when received on this point against our objection, only went to show the same character and kind of inconvenience as would be suffered by the public at large. (*Aram* v. *Shallenberger*, 42 Cal. 275; *Carpenter* v. *Mann*, 17 Wis. 155; *Seely* v. *Bishop*, 19 Conn. 128; *McCowan* v. *Whitesides*, 31 Ind. 235; *Brainard* v. *Conn. R. R. Co.*, 7 Cush. 511.)

*Jarboe & Harrison,* for the Respondent.

The State of California was the original proprietor of all of this land.   It granted the term of ninety-nine years to the city by the act of March 26, 1851 (Stat. of 1851, p. 307). By that act, the land granted to the city was bounded by East street along a portion thereof.   The city conveyed the term, and the State subsequently sold the reversion, both of which had become vested in the plaintiffs.

It clearly appeared that the plaintiffs had suffered special individual damage, and the only question was as to amount. Indeed, the very statement of the acts committed by the defendant was sufficient to show that such spec' l damage had been suffered.   The fact that one is by the⁄  ᴊ of another excluded from egress from his lot or a⁄ .oach thereto, of itself imports damage. (*Wilkes* v. *H⁄    rford Market Co.*, 2 Bing. N. C. 293; *Rose* v. *Groves, ⁄    . & Gr.* 613; *Stetson* v. *Faxon*, 19 Pick. 147; *Brown* ⟨.     atson, 47 Me. 161; 1 Hilliard on Torts, 66–68; *Higbee* v. *C. & A. R. R.*, 4 C. E. Green, 279; *Lansing* v. *Smith*, 4 Wend. 25.)

By the COURT:

1. East street, in front of the plaintiff's lot, is a public street, duly established as such, and connecting across its whole width at its southerly end with Folsom street, a public traveled street.   From its intersection with Folsom street,

and running northerly in front of and beyond the plaintiff's lot for a distance of several hundred feet, East street, as we understand the testimony, is planked over to its full width, and capable of being used for travel with vehicles or otherwise. In this important particular the case differs from *George* v. *North Pacific Transportation Company*, ante, p. 589, which turned upon the point that in that case the street had not been reclaimed from the water, so as to render it capable of use as a thoroughfare for travel, while, in the present case, there is a continuous street, capable of use as such, extending in front of the plaintiff's premises, and to a distance of several hundred feet northerly, while at its southerly end it connects with Folsom, another public traveled street. Nor is it material by whom the street was improved so as to fit it for travel. By whomsoever the work was done, the plaintiffs, in common with the public, are entitled to use the street as a highway.

2. That the defendant maintains an obstruction on the street by which its use as a highway is impeded, and by means of which the plaintiffs are prevented from having access to their lot from East street, is admitted by the pleadings.

3. The lease from the State Harbor Commissioners on which the defendant relies does not, on its face, purport to confer any right to obstruct the street, but merely grants the right to use the water-front as a landing-place, and expressly provides that it shall not be so used as to obstruct the street as a thoroughfare.

4. The plaintiffs have suffered such special damage as entitles them to maintain the action. The proof shows that the defendant maintains a wall or bulkhead on the west line of East street, across the entire front of the plaintiff's lot, and which wholly precludes all access to it from that street. This is a special damage which is not in common with that suffered by the public. By this obstruction, the plaintiff's "property is injuriously affected" in the sense of the statute defining a nuisance. (Code of Civ. Proc., Sec. 731; former Prac. Act, Sec. 249.) At common law, the obstruction complained of here would have occasioned a special

damage for which an action would lie. (Wood on Nuisance, Secs. 829 and 830, and authorities there cited.)

Judgment and order affirmed.

RHODES, J., concurring:

I concur in the foregoing opinion and judgment. But I am also of the opinion that the right of the plaintiff to have access to and use of the street did not depend in any degree upon the fact that it had been planked, so that it might conveniently be used. A street is not the less a street because it may need excavation, filling, or piling and planking, and the public have a right to its use whatever may be its condition; and a private person who sustains a special damage by reason of an obstruction placed therein, may, in my opinion, sustain an action therefor. It might be more difficult to show special damage in such case, but if it be shown, the injured party is entitled to relief.