WM. R. GORDON and others v. ENOCH F. BAXTER.

A plaintiff has no right to recover damages from a party, committing or suffering a public nuisance, unless he has in some way received extraordinary and particular damage, not common to the rest of the public. (The case of *Dunn* v. *Stone*, 2 Car. Law Repos. 261, cited and approved.)

CIVIL ACTION, for the recovery of damages, tried in the Superior Court of CURRITUCK county, at Fall Term, 1875, before his Honor, Judge *Eure*, and a jury.

The plaintiff alleges in his complaint, that the defendant has obstructed the free use of a wharf, which has been dedicated to the public for over fifty years, and that on account of such obstruction he and others have been greatly endamaged in not being allowed to ship or receive freight thereat.

The defendant denies that the wharf was ever dedicated to

the public or that it is public property, and claims it as belonging to his wife.

Upon the trial, the following issues were submitted to the jury. Their response is annexed to each :

1. Has there been a dedication of the landing to the public use by any one who owned the fee in the land ? Answer : " No."

2. Had there been previous to the 21st of May, 1861, a continuous adverse use of the wharf by the public, upon a claim of right, for more than twenty years ? Answer : " Yes."

3. Did the defendant obstruct the free use of the public to this landing ? Answer : " Yes."

4. What damage, if any, has the plaintiff sustained by the obstructing its use ? " None."

Upon the foregoing finding, the court gave the plaintiff judgment for costs, and further ordered the defendant to remove the obstructions within ninety days.

From this judgment defendant appealed.

*Gilliam & Pruden*, for appellant.
*Smith & Strong* and *Pool*, contra.

PEARSON, C. J. According to the issues found, the wharf in question was public property, to be enjoyed in its use by the citizens of the county of Currituck, and by all of the citizens of the State as well, who may choose to resort to it. So its obstruction by the defendant is a public nuisance.

In response to the issue, " what damage, if any, has the plaintiff sustained by the obstruction of its use ?" the jury say " *none.*"

This finding defeated the action and his Honor erred in not rendering judgment for the defendant. " For any of those acts which are in the nature of a public nuisance, no individual is entitled to an action unless he has received extraordinary and particular damage not common to the rest of the

citizens." *Dun* v. *Stone*, 2 Car. Law Repos., 261. This decision, made in 1818, settled the law in North Carolina and has been ever since adhered to. It rests on the distinction between public wrong, to be redressed by indictment, and private wrongs, to be redressed by civil action, which is clearly explained by Blackstone in his Commentaries. This distinction would be utterly confounded if a citizen who has sustained no particular damage, was allowed to make himself the avenger of an injury to the public, even although he brings the action " in behalf of himself and the other citizens of the county of Currituck," or even if he had added the other citizens of the State of North Carolina.

From the complaint and answer, we think it probable that the jury were under a misapprehension of the meaning of " particular damages ;" for instance, if one digs a hole in a public highway, it is a public nuisance, for which he is liable to indictment ; should an individual travelling on this highway fall into the hole, he sustains particular damage and may maintain a civil action, although it might have happened that other citizens, if travelling on the road, would have met with a like injury.

However this may be, there is no exception to the charge, no motion for a new trial, and we cannot inquire into it.

Treating the case as before us on a special verdict, we are to render the judgment that ought to have been rendered in the court below.

The judgment in the court below is reversed, and judgment in this court that defendant go without day and recover his costs.

PER CURIAM.                    Judgment reversed.