## THE CITY OF ROSEBURG, APPELLANT, v. SOLOMON ABRAHAM, RESPONDENT.

PLEADING—PUBLIC NUISANCE—SPECIAL DAMAGE MUST BE ALLEGED.—The complaint in an action for damages occasioned by a public nuisance, must allege facts showing that the complainant has suffered some special or extraordinary damage, beyond what has been occasioned to the public generally, or it will be held insufficient on demurrer.

APPEAL from Douglas County. The facts are stated in the opinion.

*Herman and Ball,* for appellants.

*Wm. R. Willis,* for respondent.

By the Court, WATSON, J.:

This was an action for damages under section 330 of the Civil Code. The pleadings are commendably brief, and consist only of the complaint and a demurrer.

The complaint alleges: "That the plaintiff is a municipal corporation, duly organized under and by virtue of an act of the legislative assembly of the state of Oregon, approved October 3, 1872, and as such entitled to the public use of the public streets, lanes, and alleys included within its corporate limits. That the defendant has, since the organization of said corporation, and still does prevent the plaintiff from the use of a portion of Washington street (particularly described in the complaint), within the limits of said city, by erecting fences across the same, and inclosing it as his private property. That by reason of said obstruction and inclosure of said street, the plaintiff is entirely deprived of the use of the same, to its damage in the sum of one hundred dollars;" and concludes with a prayer for judgment for said sum, and "that a warrant may issue to the sheriff to abate said nuisance."

.The defendant demurred to the complaint on the ground that the same did not state facts sufficient to constitute a cause of action. The circuit court sustained the demurrer, and gave defendant judgment for costs. And from this ruling and judgment plaintiff has brought this appeal.

Section 330 is as follows: "Any person whose property is affected by a private nuisance, or whose personal enjoyment thereof is in like manner affected thereby, may maintain an action at law for damages therefor. If judgment be given for the plaintiff in such action, he may, in addition to the execution to enforce the same, on motion, have an order allowing a warrant to issue to the sheriff to abate

such nuisance. Such motion must be made at the term at which the judgment is given, and shall be allowed of course, unless it appear on the hearing that the nuisance has ceased, or that such remedy is inadequate to abate or prevent the continuance of the nuisance, in which latter case the plaintiff may proceed in equity to have the defendant enjoined."

The point claimed on the demurrer is that the complaint does not state facts which make out a case either under this section or at common law. That the act complained of is a public nuisance, for which no action for damages lies, and no facts are stated in the complaint, taking this case out of the general rule.

It is conceded ·that the city of Roseburg is a person within the meaning of the said section 330. It is plain that the act complained of is a public or common nuisance. The fencing up, without authority, of a public street in an incorporated city affects a right common to every citizen thereof, and works a common injury. (2 Dill. on Mun. Corp., secs. 520, 521, and note 1; 2 Bouvier's Law Dict. 245, title "Nuisance;" *State* v. *Woodward*, 23 Vt. 92; *Village of Mankata* v. *Willard*, 13 Minn. 27.)

The general rule that damage occasioned by a public nuisance will not support an action at law by the individual suffering the same, is maintained by all the authorities. The reason of this rule is thus clearly stated in *Pittsburg* v. *Scott*, 1 Pa. St. 319: "That the damage being common to all, no one can assign his particular portion of it, or if he could, it would be extremely hard if every one was allowed to harass the offender with separate actions. For this reason no person, natural or corporate, can have an action for a public nuisance, or punish it, but only the commonwealth."

This same authority, however, holds that the rule has its exceptions. After stating the rule as above, it continues: "Yet the rule admits of exceptions. When a private person suffers some extraordinary damage, beyond other citizens, by a public nuisance, in that case he shall have a private satisfaction by action. As if by means of a ditch dug across a public way, which is a common nuisance, a man

suffer any injury by falling therein, then for his particular damage, which is not common to others, the party shall have his action." (Cites 3 Bl. Com. 219.)

It is argued as a general principle that for an obstruction to a highway, which is a common nuisance, an action can not be supported by a person who has suffered some special damage. To the same effect, both as to the rule and exception, are *Garrish* v. *Brown*, 51 Me. 256; *Gordon* v. *Baxter*, 74 N. C. 470; *Schuth* v. *N. P. T. Co.*, 50 Cal. 592, and numerous other authorities cited by counsel for respondent.

While it is conceded that the appellant in this case, the city of Roseburg, has every right and remedy in the premises that any private person could have, it is denied, and we conceive justly, that she has any more. She can maintain an action for damages to her corporate rights, or property, only in cases where an individual could for like injuries to his individual rights, or property. As a corporation she had the same right to use this street for any practical purpose within the scope of the powers conferred upon her by her charter, as any of her citizens had. Any permanent, unauthorized obstruction of the street would be a public nuisance, affecting her rights equally with the rights of all her citizens. It does not appear that either she or they had any title to the land, or anything more than a public and common right to use the street for ordinary and common purposes. The complaint merely alleges that she has been wholly deprived of the public use of this street. So had every citizen of Roseburg. If she can maintain this action, so can each of her citizens maintain a similar one, without alleging special damage.

No special damage, nor any fact from which such damage might be deduced, is averred, and this, we hold, was necessary.

There was no error in the ruling of the court below sustaining the demurrer, and the judgment must be affirmed.