Johnston, C. J.
The finding of the Court below, that the use of Central avenue from Fourth to Third streets, as a hack stand, is such an unlawful interference with the use and occupation from the *187 premises by the adjacent owners, the plaintiffs, as to obstruct the avenue and render access to the store-rooms fronting thereon by the plaintiffs’ tenants impossible, leaves little to be said.
The owner of lots abutting upon a public street in a city or village, has a peculiar interest in the street, distinct from the rights of the public to use the street. It is a private property right in the nature of an incorporeal hereditament attached to his contiguous grounds and the erections thereon, without which his property would be of comparative little value. The right of access to the street for business purposes is of great value. The finding of the Court is that this is destroyed. This easement appendent to the abutting property is a valuable property right, of which the owner cannot be divested, except when taken for public use and after due compensation.
The city is clothed with power over the streets, and is charged with the duty of keeping them open for public use and free from nuisance.
It may enlarge these general public uses without infringing the rights of the adjacent owner, but where additional burdens are imposed, even for a public purpose, which materially impair the incidental property rights of the lot owner, equity will enjoin until compensation is made. (Railway v. Lawrence, 38 Ohio St., 41; Street Railway v. Cumminsville, 14 Ohio St., 524 ; Crawford v. Village of Delaware, 7 Ohio St.) This ordinance granted a permanent use of the street for mere private purposes. As well might the city authorize permanent booths or structures for the use of dealers in the various articles of trade. Having no rent to pay, the occupants could accommodate the public at better rates.
The supervision and control of the public highways of a city is a public trust, and while additional uses may be imposed, not subversive of, or impairing the original use, such as laying-down gas and water mains, yet the right of the public to use it as a street, and of the adjacent lot owner to enjoy it as the means of access to his property, cannot be materially impaired.
The city has the right to regulate hackney coaches (Rev. Stat., Sec. 1692), and also the right to appropriate private property for the use of the corporation, but it has no power to appropriate the easement of an adjacent owner to a mere private *188 use. This permanent occupancy of the streets, cutting off access to the plaintiffs’ store-rooms for the convenience and benefit of a private business, cannot be justified on the plea that the public who use hacks are accommodated more readily and on better terms.
The same would doubtless be the case with other kinds of business located in the street. The finding of the Court is, that the use complained of deprives the owner of all access to his premises.
Even if, as is suggested, this is in the nature of a public use, like a market, the city could not appropriate it to such use without proceeding according to law, as settled in the cases already cited.
The doctrine of the cases above cited is just. It rests upon a satisfactory foundation. The principle there settled is no longer open to discussion. Whatever criticisms of that doctrine may be met with in some of the States, it has rapidly grown in favor, and is now generally accepted as the true exposition of the rights of the public, and of property owners affected.
The following, among numerous authorities, may be cited in support of the principle, that the lot-owner lias property rights in the street in front of his property, -which he has the right to have protected.
A careful examination of these cases will, I think, show that, while these private rights are generally conceded, both in England and in all the States, the doubt was merely, whether this right was property, within the meaning of the constitution, which had to be taken under the power of eminent domain, or merely gave a right of action to the owner for damages. In either view, the plaintiffs below were entitled to the relief sought, it béing in the nature of a continuous trespass or interference with an easement, and the defendants being insolvent. 2 Dillon’s Mun. Corp., Sec. 656 et seq; Lyon v. The Fishmongers, 1 Law Rep., Appeals cases, 662; Brayton v. Fall River, 113 Mass., 218; Pratt v. Lewis, 39 Mich., 39; The State v. Lawrence, 34 New Jersey (Law), 201; Schulte v. N. P. Transp. Co., 50 Cal., 592; Note to Fritz v. Hobson, 19 Am. Law Reg., 615.

Judgment affirmed.