[No. 12321.   In Bank. — December 30, 1887.]

## SAN JOSE RANCH COMPANY, APPELLANT, *v.* T. W. BROOKS ET AL., RESPONDENTS.

PUBLIC NUISANCE — ABATEMENT BY INDIVIDUAL — SPECIAL DAMAGE. — A private individual may maintain an action to abate a public nuisance which occasions some special damage to himself in addition to that occasioned to the public.

ID. — PUBLIC ROAD — OBSTRUCTION OF — INJURY DIFFERING ONLY IN DEGREE. — A private individual cannot maintain an action to abate an obstruction to a public road when the only injury occasioned him by the alleged nuisance is an inconvenience in using it which is the same in kind, although of a greater degree, as that occasioned to any other person who might be obliged to make use of the road.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order dissolving an injunction.

The facts are stated in the opinion.

*George M. Holton,* and *Chapman & Hendrick,* for Appellant.

The facts alleged in the complaint show that the injury sustained by the plaintiff was special, and differed from

that inflicted on the public in kind as well as in degree. (*Blanc* v. *Klumpke,* 29 Cal. 156; *Bigley* v. *Nunan,* 53 Cal. 404; *Severy* v. *C. P. R. R. Co.,* 51 Cal. 195; *Branken* v. *M. & St. L. R. R. Co.,* N. W. Rep. 124; *Thelen* v. *Farmer,* 30 N. W. Rep. 670; *Shirley* v. *Bishop,* 67 Cal. 543; *Crescent Mill and Transp. Co.* v. *Hayes,* 8 Pac. Rep. 692; *Schulte* v. *N. P. T. Co.* 50 Cal. 593.)

*Richard Dunnigan,* and *Anderson, Fitzgerald & Anderson,* for Respondents.

The injury occasioned to the plaintiff is the same in kind as that suffered by the public. (*Aram* v. *Schallenberger,* 41 Cal. 449.)   The action by it to abate the nuisance cannot, therefore, be maintained. (*Jarvis* v. *Santa Clara V. R. R. Co.,* 52 Cal. 438; *Bigley* v. *Nunan,* 53 Cal. 403; *Marini* v. *Graham,* 67 Cal. 130; *Hogan* v. *C. P. R. R. Co.,* 71 Cal. 83.)

FOOTE, C. — This action was brought to abate an alleged nuisance, to obtain a perpetual injunction for certain purposes, and for one thousand dollars damages. The amended complaint was demurred to as not stating facts sufficient to constitute a cause of action, and an answer filed at the same time.

A motion was made to dissolve a preliminary injunction which had been granted, and affidavits were filed upon both sides.   That motion was submitted to the court upon the amended complaint, answer and demurrer; afterward that tribunal made an order sustaining the demurrer and dissolving the injunction, and the plaintiff declining to amend, judgment was entered that the action be dismissed and that the defendants recover their costs. From the judgment and order the plaintiff has appealed.

The facts stated in the complaint upon which the plaintiff based its contention are, that the defendants have obstructed a public highway in such a manner as to prevent the plaintiff having ingress or egress to and

from a tract of land which it owns situated at a point in a cañon above the place where the obstruction is placed, and which prevents it from making any use of its land which it desires.

There is no special injury averred as accruing to the property of the plaintiff, beyond the statement of such facts as go to show that it perhaps will suffer more inconvenience from the alleged nuisance than the general public, and the injury thus alleged, although it results. from the necessity the plaintiff is under, perhaps, to travel the road oftener than that of the general public, is of the same nature as would fall to the lot of any other person who might be obliged to make use of the road.

It is held that a private individual may bring an action of the kind here instituted and maintain it, when he is able to show some special damage to himself in addition to that received by the public. (*Aram* v. *Schallenberger*, 41 Cal. 450.)

Judge Shaw, in *Quincy Canal* v. *Newcomb*, 7 Met. 276, says: "Where one suffers in common with all the public, although from his proximity to the obstructed way, or otherwise from his more frequent occasion to use it, he may suffer in a greater degree than others, still he cannot have an action, because it would cause such a, multiplicity of suits as to be itself an intolerable evil." A similar principle was announced in *Seeley* v. *Bishop*, 19 Conn. 128.

*O'Brien* v. *Norwich and Worcester R. R.*, 17 Conn. 372, was a case where a private person undertook to enjoin the defendant from constructing its railroad over an arm of the sea alleged to be navigable, and used by the plaintiff as well as others when they chose for the purpose of passage up and down the cove, connected by it with the river Thames, a navigable river, and where it was also alleged that by means of the construction of the road, the navigation of that cove would be greatly obstructed and rendered almost wholly useless. The relief prayed

for was not allowed, for the alleged reason that the injury was the same which might be occasioned to any one who desired to pass up and down the cove.

What other peculiar injury is caused to the plaintiff than would result to any other person whose only mode of ingress or egress to or from his land was by that road, we are no able to perceive. The amount of injury might be largely greater in one case than the other, but the kind of injury would still be the same.

The case of *Blanc* v. *Klumpke*, 29 Cal. 156, cited to us in favor of the appellant's view that it suffers a peculiar injury, is not in point, because the facts were different from those alleged here. There the obstruction was erected so near and in such a relative situation to the plaintiff's lot, located on the water-front of the city of San Francisco, that boats and vessels were prevented from approaching it, and the injury which thereby resulted to the plaintiff and his particular lot was not in common with the public.

The case of *Schulte* v. *N. P. T. Co.*, 50 Cal. 592, was one where the proof showed that the defendant maintained a bulkhead or wall on the west line of East Street across the entire front of the plaintiff's lot, which wholly precluded all access to the lot from the street. That was held to be a special damage not common to that suffered by the public.

We do not understand from the facts alleged here that where the public road ran over, through, or along the plaintiff's land, it was wholly prevented from getting into that road. But it was the obstruction put into the road at a point not upon or adjoining its land, but between its land and places to and from which it wished to travel on the road, which prevented it using the road, or, as it claims, using its land. Therefore it would appear that the plaintiff would suffer no different injury in not being able to have ingress and egress by the public

road than would any one else who may have owned land, wood, and water rights in the cañon or pocket.

*Bigley* v. *Nunan,* 53 Cal. 404, was not a case where the plaintiff was wholly prevented from getting into the streets *at his lot* by an obstruction, but was a case where he was impeded in passing along the street as others were, which was an injury that any one else using the street would have encountered.

*Shirley* v. *Bishop,* 67 Cal. 543, was a case very similar to that of *Blanc* v. *Klumpke, supra,* where the plaintiff's ferry rights peculiar to him would have been injuriously obstructed, and we do not think that what is said in the opinion there delivered, or in that of any other case decided by this court, is in conflict with the principles laid down in *Aram* v. *Schallenberger, supra.*

The injury alleged to be suffered by the plaintiff is that it is entirely prevented from passing over the road for its objects and purposes, which it claims renders its land useless to it. So any one else desiring to travel that road would be entirely prevented from passing over it and obtaining the object he had in view. The objects sought to be attained may be different, but the manner in which their accomplishment is prevented, the way in which injury is inflicted, is the same; all parties are restrained from traveling toward different points, perhaps, and for different purposes, by the same barrier, but that barrier is not so erected as that all other persons can get into the public road at their land and the plaintiff cannot.

For these reasons the judgment and order should be affirmed.

HAYNE, C., and BELCHER, C. C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.

THORNTON, J., dissented.