Fossion v. Landry *et al.*

No. 14,060.

FOSSION *v.* LANDRY ET AL.

ALLEY.—*Obstruction of.—Action for Damages.— When Private Citizen may Maintain.*—An action for damages can not be maintained by a private citizen against one who obstructs a public highway, unless such citizen, by reason of such obstruction, has sustained some damage peculiar to himself, and not suffered by the public generally.

SAME.—*Action by Private Citizen.—Special Damages.—Sufficiency of Complaint.* —Where, in an action for damages for the obstruction of an alley, it is alleged in the complaint that the plaintiff's building, in which is a dry goods and grocery store, and in which the post-office is maintained, and her barn, corn-crib, wood-house, and other outbuildings are erected upon this alley, and that it furnishes the means of ingress and egress to and from all except the store building, and that such obstruction wholly cuts off such ingress and egress, an interest and an injury are shown, such as are not common to the public generally.

SAME.—*Dedication to Public.—Declarations of Owner.—Admissibility of.—Evidence.*—The declarations of a person, while owning the land over which the alley alleged to be obstructed runs, tending to prove an intention to dedicate the alley to the use of the public as a highway, are competent.

SAME.—*Intention to Dedicate to Public.—How Determined.*—As to whether a person intends to make a dedication of ground to the public for a street or other purpose, must be determined from his acts and declarations explanatory thereof, in connection with all the circumstances that surround and throw light upon the subject, and not from what he may subsequently testify in relation to his real intentions.

SAME.—*Dedication to Public.— What Amounts to.*—Where the owner of the lots over which the alley alleged to be obstructed runs, sold the lots with reference to this alley as a public highway, it amounted to a dedication thereof to the public.

SAME.— *Verdict.—Sufficiency of.*—In an action for damages for the obstruction of an alley, where the verdict upon a reasonable construction assesses the damages with reference to the alley in controversy, as an appurtenance to the property of the plaintiff, it covers all the issues presented by the pleadings and is sufficient to authorize the rendition of judgment upon it.

From the Cass Circuit Court.

*D. D. Dykeman, W. T. Wilson* and *G. C. Taber,* for appellant.

*J. C. Nelson, Q. A. Myers* and *J. M. Justice,* for appellees.

COFFEY, J.—This was an action by the appellees against the appellant to recover damages for the unlawful obstruction of a public alley.    The complaint is in two paragraphs. The first alleges, substantially, that the appellee Ellen Landry, who is the wife of her co-appellee, is the owner of certain unplatted lots, describing them, in Clymer's Station, in Cass county, Indiana; that one Andrew M. Brown being the owner of a forty-acre tract of land, of which appellees' lots constituted a part, laid out said lots, and at the same time laid out a certain described ten-foot alley, and expressly dedicated said alley forever to the public, by then and there freely giving said alley to the public; that one of appellees' lots is situate on the south side of said alley, and the other on the north side thereof; that the dwelling-house occupied by appellee, as well as the wood-house and cow-house, are situate on the lot south of said alley; that the grocery and dry goods store and post-office, run and operated by appellees, and also the barn, are situated on the lot on the north side of said alley; that appellees have used said alley as a way of ingress and egress to and from the said wood-house, cow-house, stable and barn, for twenty years past up to the year 1883, when the appellant, without right and against the repeated protests of the appellees and others, unlawfully and forcibly obstructed the same by fencing the same on the sides and at the east end, the entrance from the public highway, with a barbed wire fence, and has ever since with menaces and threats forcibly and unlawfully obstructed said alley, and during said time prevented the public, and especially appellees, from using said alley in any way for any purpose; that the public, and especially the appellees, used and travelled said alley for more than twenty years continuously and uninterruptedly prior to the time the same was so

obstructed by the appellant; that on account of said obstruction appellees have been deprived of the way to the wood-house, cow-stable and barn situate on said alley, and in consequence of said obstruction have suffered and sustained the following expenses and damages: setting out an itemized account of special damages, among which is loss of rent of $2.50 per month of dwelling since May, 1883, to date, $100.

The second paragraph of the complaint does not differ materially from the first.

The court overruled a demurrer to each paragraph of the complaint, and the appellant excepted.

Upon issue joined the cause was tried by a jury, who returned a special verdict in the cause, from which it appears that the appellee Ellen Landry is the owner of the lots described in the complaint, and that she and her husband and her grantors have been in the possession of the same for more than twenty years prior to the commencement of this suit; that in the year 1856 one Brown, who owned the forty-acre tract of land of which the lots owned by the appellee and the alley in controversy were a part, sold one of said lots to one John Selliers, and at the same time laid out the alley in controversy, and as an inducement for and part of the consideration of the purchase, then and there dedicated the same for the use of said lot and as a public alley; that said lot was purchased with reference to said alley; that the purchaser at once went into the possession of said lot and built a fence on the line of said alley, and built upon and improved said lot with reference to said alley, and that he and his grantees have continuously used said alley as such for the purpose of ingress and egress to and from the buildings on said lot for more than twenty years prior to the year 1883; that the other lot owned by the appellee was also sold by the said Brown with reference to said alley, as such, to one John Davis in the year 1856, who immediately went into possession of the same, built a fence, put up buildings, and improved said lot with

reference to said alley, and he and his grantees have used said alley, as such, for the purpose of ingress and egress to and from said lot and the buildings thereon for more than twenty years prior to the year 1883; that the dwelling, wood-house and cow stable used and occupied by the appellee for the past six years are situate on the lot immediately north of said alley; that she and her husband and their grantors have used said alley as a way of ingress and egress to and from the wood-house, cow stable and barn and buildings for more than twenty years prior to the year 1883; that said alley was used and travelled as a public alley from the public highway to the railroad for more than twenty years prior to the year 1883; that in the spring of 1883 the appellant, without right, and over the repeated protests of the appellees, unlawfully and forcibly obstructed said alley by erecting a barbed wire fence of six strands on both sides thereof, and by erecting a gate at the public highway across the east end thereof, and securely fastening the same, and has kept the same fastened by force; that such obstruction completely shut off the use of said alley by the appellees and the public, and entirely prevented ingress and egress to and from the buildings on said lots on each side of said alley, and to and from the rear of said lots; that appellees have been deprived of the use of said alley since the spring of 1883; that the value of the use of said alley to the appellees for the purpose of ingress and egress to and from said barn, wood-shed, cow stable and corn-crib and building, and the rear of said lots, is $2.25 per month; that appellees have been deprived of the use of said alley three years and eight months.

The jury found that if upon the foregoing facts the appellees were entitled to recover the appellee Ellen Landry was entitled to damages in the sum of $99.

Upon the return of this verdict the appellant moved the court for a *venire de novo*, which motion the court overruled. He then filed a motion and reasons for a new trial, which

motion was overruled, and thereupon he moved in arrest of judgment, which the court also overruled.

The court rendered judgment on said verdict in favor of the appellee Ellen Landry for $99 and the costs of the suit, from which an appeal is taken to this court.

The errors assigned call in question the several rulings of the circuit court above set out.

The first question in order presented by the record relates to the action of the court in overruling the demurrer to the complaint.

Many objections to the complaint are embraced in the able brief of counsel for the appellant, all of which have been carefully considered, but we deem it unnecessary, in this opinion, to discuss them all. The only question presented, which goes to the merits of the controversy between the parties, arises out of the contention of the appellant that the complaint does not show that the appellees, by reason of the obstruction of which which complaint is made, have suffered some private and extraordinary damage beyond that suffered by the public generally, which will enable them to maintain this action.

It seems to be settled that an action for damages can not be maintained by a private citizen against one who obstructs a public highway, unless such citizen, by reason of such obstruction, has sustained some damage peculiar to himself, and not suffered by the public generally. Blackstone, in his Commentaries, bk. 3, p. 219, states the rule thus : " The law gives no private remedy for anything but a private wrong. Therefore no action lies for a public or common nuisance, but an indictment only ; because the damage being common to all the king's subjects, no one can assign his particular portion of it; or if he could, it would be extremely hard, if every subject in the kingdom were allowed to harass the offender with separate actions. For this reason, no person, natural or corporate, can have an action for a public nuisance, or punish it ; but only the king in his public capa-

city of supreme governor, and *pater familias* of the king-dom.    Yet this rule admits of one exception : where a pri-vate person suffers some extraordinary damage, beyond the rest of the king's subjects, by a public nuisance ; in which case he shall have a private satisfaction by action."

This court has steadily and uniformly adhered to the rule as announced in the above quotation.    *Powell* v. *Bunger*, 91 Ind. 64; *Ross* v. *Thompson*, 78 Ind. 90 ; *Cummins* v. *City of Seymour*, 79 Ind. 491 ; *McCowan* v. *Whitesides*, 31 Ind. 235.

But in all our cases, where the question has arisen, this court has recognized the exception stated by Blackstone. In the case of *Ross* v. *Thompson, supra*, this court said :  " A man who owns a business block, fronting on a public high-way which affords the means of getting into or out of his property, has certainly a special interest in the public way.

"It is quite plain, that, if the highway were closed, his building would be almost, if not altogether, valueless."

In this case it is alleged, in the complaint, that the ap-pellee's building, in which is a dry goods and grocery store, and in which the post-office is maintained, and her barn, corn-crib, wood-house, and other outbuildings are erected upon this alley, and that it furnishes the means of ingress and egress to and from all except the store building, and that such ob-struction wholly cuts off such ingress and egress. This shows an interest and an injury, such as are not common to the public generally. The public has the right to travel the alley in com-mon with the appellee, but the public does not use it as a means of ingress and egress to and from the buildings owned by the appellees. By the obstruction both the public and the ap-pellees are prevented from travelling this public highway, but the public generally are not interested in the question as to the damages sustained by the appellees by reason of being deprived of ingress and egress to and from their property.

In our opinion the complaint before us states facts which bring the case within the exception to the general rule, and

states a cause of action in favor of the appellees against the appellant.     It follows that the court did not err in overruling the demurrer to the complaint.

On the trial of the cause the court permitted the appellees to prove the declarations of Brown and others, while owning the land over which the alley in controversy runs, tending to prove an intention to dedicate the alley to the use of the public as a highway.

In this the court did not err.     As to whether a person intends to make a dedication of ground to the public for a street or other purpose, must be determined from his acts and declarations explanatory thereof, in connection with all the circumstances that surround and throw light upon the subject, and not from what he may subsequently testify in relation to his real intentions.     *City of Columbus* v. *Dahn,* 36 Ind. 330; *City of Indianapolis* v. *Kingsbury,* 101 Ind. 200.

It is also contended that the verdict is defective, in that it fails to find upon all the issues in the cause, and fails to assess any legitimate damages.     The argument is, that it is shown upon the face of the verdict that the basis upon which the jury assessed damages is erroneous, and that the verdict stands as if the jury had failed to assess any damages.

We can not agree with the appellant in this contention. It is true that the jury find the use of the alley in controversy, as a means of ingress and egress to and from the building thereon, was of a given value per month to the appellees, but this does not preclude the idea that this was the actual value of the way as an appurtenance to the property. If the value of this alley, as a means of ingress and egress to and from the buildings constructed with reference to it, was as found by the jury, it was of that value to the appellees who owned the buildings.     The verdict must receive such reasonable construction as will enable the court to give it effect if this can be done without violence to the language used.     This, we think, can be done.     Construing the verdict as assessing the

damages with reference to the value of the alley in controversy, as an appurtenance to the property of the appellees, it covers all the issues presented by the pleadings, and was sufficient to authorize the judgment rendered by the court.

Finally it is contended by the appellant that the verdict is not supported by the evidence. We think otherwise. The evidence tends strongly to show that this alley was dedicated to the public use by one Brown, the owner of the land over which it runs, in the year 1856. The lots owned by the appellees were sold by Brown with reference to this alley as a public highway, which in itself amounted to a dedication. *City of Indianapolis* v. *Kingsbury, supra; City of Logansport* v. *Dunn,* 8 Ind. 378; *City of Evansville* v. *Evans,* 37 Ind. 229; *Faust* v. *City of Huntington,* 91 Ind. 493; *City of Evansville* v. *Page,* 23 Ind. 525; Dillon Munic. Corp. (2d ed.), section 640.

There is no error in the record for which the judgment should be reversed.

Judgment affirmed.

Filed April 5, 1890.