[S. F. Nos. 2965, 3833. In Bank.—October 2, 1907.]

CUSHING – WETMORE COMPANY, Respondent, v. GEORGE F. GRAY et al., Appellants.

NUISANCE—ACTION FOR DAMAGES—JUDGMENT—VERDICT.—An action at law may be maintained to recover damages caused by a nuisance without seeking an abatement of the nuisance. In such an action judgment is properly entered on the verdict of the jury and no findings of ·fact by the judge are required to be made or filed.

ID.—NON-WAIVER OF FINDINGS MUST AFFIRMATIVELY APPEAR.—In a case where findings by the court are essential, and the record on appeal does not affirmatively show that findings were not waived, it will be presumed that findings were made so far as required.

ID.—PUBLIC STREETS—ABUTTING LOT-OWNER—OBSTRUCTIONS TO INGRESS AND EGRESS—SPECIAL INJURY.—An owner of a lot abutting on public streets in a city on which he was engaged in the business of quarrying, crushing, and selling rock, suffers special injury by obstructions placed in such streets at places not immediately in front of his own property but at other points and in such a manner as to entirely prevent all ingress and egress from his quarries by his wagons, teams, carts, and appliances of his business, and is entitled to maintain an action to recover the damages caused him by the nuisance.

ID.—EASEMENT IN STREET IS PROPERTY.—The owner of a lot abutting upon a public street has by reason of such ownership a special easement in the street for the purpose of ingress and egress, which is property as fully as the lot itself. This right of property is as much invaded by obstructions which have the effect of absolutely preventing access to the premises along the street as it is by obstructions preventing access from the premises to the street immediately in front of the land.

ID.—CAPABILITY OF STREET FOR USE—SIDEWALK.—Such streets will be deemed as capable of use by the public if sufficient width along them was open for use as a roadway and was capable of being

used as such and was in fact being used by the public. The fact that a portion so open for use was in what would be the sidewalk portion of the streets, if ultimately sidewalks were constructed, is immaterial.

ID.—ACTION BY CORPORATION—LOSS OF TIME OF OFFICERS.—In an action by a corporation to recover damages for the injury occasioned it by such obstructions, no recovery can be had for the loss of time of its corporate officers in addition to the whole loss suffered by it by reason of loss of profits, expenses incurred, and injury to it resulting from the obstructions.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial. John Hunt, Judge.

The facts are stated in the opinion of the court.

Fisher Ames, and J. E. Manning, for Appellants.

Wright & Lukens, for Respondent.

ANGELLOTTI, J.—These are appeals from a judgment in favor of plaintiff for five thousand dollars' damages and from an order denying defendants' motion for a new trial.

1. Counsel for the respective parties differ as to the character of the case made by the complaint, counsel for plaintiff claiming that the action is one at law for damages for injury to plaintiff's business, caused by malicious and oppressive conduct of defendants deliberately intended to injure such plaintiff and "drive plaintiff out of the field as a competitor with the defendants," while counsel for defendants claim that the action is one in equity for the abatement of an alleged nuisance, and incidentally for the damage caused thereby. We regard this question as immaterial on these appeals, even if it be conceded that an action for the abatement of a nuisance is under our present constitution an action within the equitable jurisdiction of the court, and to be governed by the principles prevailing in that jurisdiction. (See McCarthy v. Gaston etc. Co., 144 Cal. 542, 547, [78 Pac. 7].) The case was tried upon the theory that it was solely an action at law for damages, and the judgment given was one for damages only, no abatement of any nuisance being decreed. It is, of course, not disputed that one may maintain an action at law

for damage caused by a nuisance, without seeking an abatement of the nuisance. We are satisfied from the record before us that this must be treated as such an action. Under these circumstances the objection that no findings of fact were made and filed by the judge, and that the judgment was wholly based on the verdict of the jury is without force. In this connection, however, it is proper to say that if findings by the court were essential, the record does not affirmatively show that such findings were not waived, and under such circumstances the presumption is that findings were made so far as required. (See *Richardson* v. *City of Eureka,* 110 Cal. 441, 446, [42 Pac. 965]; *Baker* v. *Baker,* 139 Cal. 626, [73 Pac. 469]; *Tomlinson* v. *Ayres,* 117 Cal. 568, [49 Pac. 717].)

2. It is contended that the complaint failed to state a cause of action. This contention is based on the fact that the alleged acts causing the injury to plaintiff were the placing of obstructions in certain public streets of the city and county of San Francisco. The obstruction of a public street or highway constituting a public nuisance, and the law authorizing a private person to maintain an action for a public nuisance only where it is specially injurious to himself (Civ. Code, sec. 3493), it is urged that the complaint fails to show any cause of action in favor of plaintiff.

The complaint shows plaintiff to be the owner of certain real property on Lombard and Winthrop streets (the obstructed streets), on which it was engaged in the business of quarrying, crushing, and selling rock, and that the obstructions alleged, while not immediately in front of plaintiff's property, and therefore not impeding plaintiff in the right to go upon the obstructed streets from its property, or upon its property from the obstructed streets, were so placed upon said streets at other points as to prevent all ingress to and egress from plaintiff's quarries by plaintiff's wagons, teams, carts, and appliances of its business. It is alleged that plaintiff had for several years been engaged in its business on this property, operating a rock crusher and reduction works with a capacity of one hundred and eighty tons of rock per day, and delivering therefrom to customers an average quantity of seventy-five tons each day; that defendants on May 3d and 5th, 1899, wantonly and maliciously and for the purpose of

injuring plaintiff's business, obstructed said Lombard Street in such a way as to totally obstruct all passage and access of plaintiff's wagons, etc., to and from its quarry, and that plaintiff having thereupon procured a private right of way leading from Winthrop Street, defendants for the same purpose, on May 20, 1899, and again on July 30, 1899, obstructed said Winthrop Street, with the same result, thus totally stopping the business of plaintiff. It is further alleged that by reason of such obstruction plaintiff has been compelled to repair and reopen the roadways, and to purchase rights of way over private lands and purchase rock and material, to its damage in the sum of five thousand dollars, has been prevented from fulfilling contracts, lost custom and trade, and been deprived of profits in the further sum of ten thousand dollars, and that the credit and business of the plaintiff has been injured in the further sum of ten thousand dollars.

We are of the opinion that this shows such special injury to plaintiff as authorized the maintenance of the action by it. The case is practically the same as that made by the complaint in the case of *Gardner* v. *Stroever,* 89 Cal. 26, [26 Pac. 618], where the injury complained of was an obstruction in a public highway between the plaintiff's slaughter-house and a connecting highway, which completely prevented plaintiff, maintaining a meat market in the town of Oroville, from bringing his meat to town to supply his customers, to the injury and destruction of his business. It is said that this decision is in conflict with the doctrine of the earlier cases of *Aram* v. *Schallenberger,* 41 Cal. 449, and *San Jose Ranch Co.* v. *Brooks,* 74 Cal. 463, [16 Pac. 250], wherein it was held that allegations simply to the effect that the plaintiff had no means of access to his land except over and along the obstructed road, did not show such special injury, in addition to that suffered by the public, as would authorize the maintenance of the action. The former of these cases was an action for an injunction to prevent a proposed obstruction of a highway affording the only means of access to the plaintiff's property. The only allegation of damage was that plaintiffs had no other means of access, neither injury to the property nor interference with any use plaintiffs were making or desired to make of the land being averred. In *San Jose Ranch Co.* v. *Brooks,* 74 Cal. 463, [16 Pac. 250], the allegation was simply that the

obstruction prevented the plaintiff "having ingress or egress to and from a tract of land which it owned situated at a point in a cañon above the place where the obstruction is placed, and which prevents it from making any use of its land which it desires." It did not affirmatively appear that any use was then being made of the property, or that any particular use was then contemplated. The theory upon which these decisions is based is that the only injury done in such a case is the obstruction of the party in his right of passage over the highway, and that this injury is the same *in kind* as that suffered by all of the general public who may have occasion to travel over the road, although the inconvenience may be greater in degree in the one case than in the other. Neither of these cases goes to the extent of holding that an obstruction in a public highway absolutely preventing all access to and egress from one's land may not cause such an interference with the use of the land for the purposes to which it is devoted, and the injury to and suspension of a business there established and carried on as will constitute special injury to the owner of the property different in kind from that suffered by the public at large, authorizing a private action, although some expressions in the opinion in the later case may tend to support such a view. So far as they do this they are opposed to the general current of authority. The injury to the general public is simply the deprivation of the right of passage over the streets. The additional injury to the owner of the property is the interference with the use of his land for the purpose to which it is adapted, and the suspension of his business there carried on. It cannot reasonably be said that these results are not caused by the obstructions alleged. For all practical purposes they are directly caused by the obstructions.

It has several times been declared by this court that the owner of a lot abutting upon a public street has by reason of such ownership a special easement in such street for the purpose of ingress and egress which is property as fully as the lot itself. (See *Eachus* v. *Los Angeles etc. Ry. Co.,* 103 Cal. 614, [42 Am. St. Rep. 149, 37 Pac. 750]; *Bigelow* v. *Ballerino,* 111 Cal. 559, [44 Pac. 307]; *Geurkink* v. *Petaluma,* 112 Cal. 306, [44 Pac. 570]; *Symons* v. *San Francisco,* 115 Cal. 555, [42 Pac. 913, 47 Pac. 453]; *Williams* v. *Los Angeles R. Co.,* 150 Cal. 592, [89 Pac. 330]. See, also, *McLean* v.

*Llewellyn Iron Works,* 2 Cal. App. 346, [83 Pac. 1082].)
This right of property is as much invaded by obstructions
which ·have the effect of absolutely preventing access to the
premises along the street as it is by obstructions preventing
access from the premises to the street immediately in front of
the land.  As to the latter, it is thoroughly established that
the obstruction constitutes a private as well as a public nuis-
ance.  The attempted distinction between the two cases appears
to us to be too technical to afford a sufficient basis for a rule
granting the relief in the one case and denying it in the
other.  So far as the comfortable enjoyment and use of the
land itself are concerned, the owner is not perceptibly advan-
taged by being allowed to get to the portion of the street
immediately in front of his property if he can go no farther.
In each case there appears to us to be an invasion of his rights
as a property-owner and an interference with his use and
enjoyment of his property differing in kind from the injury
common to the general public occasioned by the obstruction.
This view may be conceded to be in conflict with the doctrine
of the two cases heretofore referred to.  But it is in accord
with the later expressed views of this court as to the rights
of an owner of property abutting on a street, and also with
the overwhelming weight of authorities elsewhere.  (See note
to *Stetson* v. *Faxon,* 31 Am. Dec. 132, [19 Pick. (Mass.) 147] ;
*Fossion* v. *Landry,* 123 Ind. 136, [24 N. E. 96] ; *Indiana etc.*
v. *Eberle,* 110 Ind. 542, [59 Am. Rep. 225, 11 N. E. 467] ;
*Venard* v. *Cross,* 8 Kans. 248; *Jackson* v. *Kiel,* 13 Colo. 378,
[16 Am. St. Rep. 207, 22 Pac. 504] ; *Bannon* v. *Murphy,* 18
Ky Law 989, [38 S. W. 889] ; *Brakken* v. *Minnesota etc.,* 29
Minn. 41, [11 N. W. 124] ; Wood on Nuisances, secs. 648, 657,
680.  See, also, *Blanc* v. *Klumpke,* 29 Cal. 156, 159; *Buchholz*
v.· *New York etc. R. R. Co.,* 148 N. Y. 640, [43 N. E. 76].)

3. The contention that the evidence was insufficient to jus-
tify the verdict is principally based upon the objection to the
complaint already discussed.  It is further claimed that the
evidence shows that the streets had not been so improved as
to be capable of use by the public.  It was shown that a
sufficient width along the streets was open for use as a road-
way and was capable of being used as such and was in fact
being used by the public.  The case of *George* v. *North Pacific
Transportation Co.,* 50 Cal. 589, is therefore not in point.

The fact that the portion so open for use was in what would be the sidewalk portion of the streets, if ultimately sidewalks were constructed, is immaterial.

4. Under the circumstances appearing in the record the claim that the platform construction placed on Winthrop Street by defendants, covering the whole space which was open for travel or passage, was a sidewalk, and not a construction · designed solely to obstruct travel by wagons and other vehicles, was, upon the record before us, so obviously a mere pretense that the trial court was perfectly justified in disregarding it altogether.

5. We have discussed the foregoing matters solely for the purposes of a new trial, as the judgment and order must be reversed because of improper evidence admitted on the question of damages.

In the face of proper objection an officer of plaintiff corporation was allowed to testify that the value of the time of himself and another officer from the time of the first obstruction, May 3, 1899, to the date of the commencement of the trial, March 26, 1900, was sixty-five hundred and sixty dollars, the theory advanced by the witness being practically that the whole of the time of himself and fellow officer between those dates was occupied in defending the plaintiff corporation against the attacks of defendants, in consultation with plaintiff's attorney, and preparations for the trial of this action. We know of no theory upon which plaintiff could be held entitled to a recovery for such loss of time of its officers, in addition to the whole loss suffered by it by reason of loss of profits, expenses incurred, and injury to plaintiff resulting from the obstructions, as to all of which it introduced evidence and claimed the right to recover, a claim sanctioned by the court in its rulings both in the matter of evidence and instructions. Counsel for respondent have not attempted to justify this ruling of the trial court.

6. The court erred in refusing to strike out the portion of an answer given by Mr. Phelan as to his opinion of the nature of the structure placed by defendants on Winthrop Street, and also in overruling an objection to a question asked him as to what instructions he had given to subordinates after examining the structure, but it is doubtful if these errors should be held to have been prejudicial.

We find no other matter requiring notice.

The judgment and order are reversed and the cause remanded.

Sloss, J., Shaw, J., McFarland, J., and Lorigan, J., concurred.