MORGAN COUNTY v. MARTHA GOANS.

(*Knoxville.*   September Term, 1917.)

1. HIGHWAYS.   Rights of way.   Prescription.

Evidence *held* sufficient to sustain a finding of a prescriptive right of the public to use a road.   (*Post, pp.* 382-383.)

2. EASEMENTS.   Highways.   Right of way.   Prescription.

Twenty years adverse user will establish a right of way either in the public or in private persons.   (*Post, p.* 383.)

Cases cited and approved: L. & N. Ry. Co. v. Hays, 79 Tenn., 382; Ferrell v. Ferrell, 60 Tenn., 329.

3. HIGHWAYS.   Obstruction.   Damages to individuals.

Where plaintiff with others had obtained a prescription right of way across land to a public highway and there was no other egress to the public road, she was entitled to damages from the county for an obstruction of such road by the lowering of the grade of the main road. (*Post, pp.* 383-384.)

Cases cited and approved: Sholin v. Skamania Boom Co., 56 Wash. 303; Cushing-Wetmore Co. v. Gray, 152 Cal., 118; Fossion v. Landry, 123 Ind., 136; Miller v. Schenck, 78 Iowa, 372; Husband v. Cotton, 171 Ky., 177.

FROM MORGAN.

Appeal from the Circuit Court of Morgan County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—XEN. HICKS, Judge.

J. W. Stone and L. Riseden, for appellant.

W. Y. Boswell, for appellee.

Mr. Justice Lansden delivered the opinion of the Court.

This suit was brought by Mrs. Goans in the criminal and law court of Morgan county to recover damages for the obstruction of a right of way. The circuit judge, sitting without the intervention of a jury, awarded her $90 damages. From this judgment the county appealed to the court of civil appeals, in which court the judgment was reversed and the suit dismissed. The case is before us upon writs of *certiorari*. The facts are these:

Mrs. Goans is the owner of a small tract of land abutting on a road which leads from the main Wartburg road through the lands of Duncan to her place. She has no other means of access to the main turnpike road than this way. There is evidence to show that the road leading by the premises of Mrs. Goans has been in existence more than twenty years. One witness says that he has known the road since 1884, and the public generally has traveled it continuously since that time as a matter of right. The road has not been worked by the county, so far as the evidence discloses. When trees would fall across the road, they would not be removed, but travelers along the road would go around the trees and then back into the old way. It was traveled by foot, horse, and vehicle travelers. There has been continuously a plainly marked road leading from the main

Wartburg road through the premises of Duncan by the premises of Mrs. Goans. The obstruction complained of is that the county, in building a turnpike, reduced the grade of the main Wartburg road where the road in question comes into it, so as to completely obstruct the latter road. There is an embankment at the point of confluence eight or ten feet high.· The court of appeals was of opinion that the evidence did not establish a prescriptive right of the public to the road, it holding that the public used the road by the permission of the landowner. However, the circuit judge held to the contrary, and there is evidence to support his findings.

Twenty years' adverse user will establish a right of way either in the public or in private persons. *L. & N. Ry. Co.* v. *Hays,* 11 Lea, 382, 47 Am. Rep., 291; *Ferrell* v. *Ferrell,* 1 Baxt., 329, and cases cited.

Therefore the question arising is whether Mrs. Goans, not abutting upon the main Wartburg road, has such a right therein as to recover damages for the obstruction of her way to this road. We are of opinion that she has. An investigation of the cases shows that the authorities are in hopeless conflict. It is not possible to reconcile them or to extract from them any harmonious reasoning upon which a general rule could be founded. The great weight of authority is to the effect that a member of the general public, showing special damages, can recover for an obstruction of a public road. Mrs. Goans has suffered special damages within the meaning of the authorities. As stated, the point at which the obstructed road enters the main

Wartburg road has been reduced in grade until there is an embankment eight or ten feet high. All of the evidence is to the effect that this embankment destroys her ingress and egress to and from the main Wartburg road. Since the embankment has been made, Duncan has constructed a bridge across the main Wartburg road, but Mrs. Goans has no right to use the bridge. Duncan has permitted her to do so; but this, of course, does not meet her situation, because the permission granted could be withdrawn at any time. The easement which she acquired in the road leading from her premises to the main Wartburg road is appurtenant to her land and is a vested right. Any substantial interference with this right is a special injury to her property for which she can maintain an action for damages. No question is made on the measure of damages fixed in the court below. We will not review the cases, but content ourselves with citing a few of them. Many more can be found. *Sholin* v. *Skamania Boom Co.,* 56 Wash., 303, 105 Pac., 632, 28 L. R. A. (N. S.), 1053; *Cushing-Wetmore Co.* v. *Gray,* 152 Cal. 118, 92 Pac., 70, 125 Am. St. Rep., 47; *Fossion* v. *Landry,* 123 Ind., 136, 24 N. E., 96; *Miller* v. *Schenck,* 78 Iowa, 372, 43 N. W., 225; *Husband* v. *Cotton,* 171 Ky., 177, 188 S. W., 380, L. R. A., 1917A, 1150, and notes there cited.

It results that the judgment of the court of civil appeals is reversed, and that the circuit judge is affirmed.