**TOWN of ANCHORAGE v. FOWLER.**

(Third Division. Anchorage. January 10, 1922.)

No. 249–A.

**Municipal Corporations ☞697(1)—Actions.**

The town of Anchorage brought a suit to compel defendant to remove a building which extended upon and obstructed one of its streets. Upon demurrer to the complaint, *held*, the general rule is that a municipality may sue to enjoin the continuance of, and abate, a permanent obstruction in a street or alley, in an equitable action.

Plaintiff brought suit against defendant, averring that he had erected a building at the corner of G street and Fifth avenue in the town of Anchorage, which projects into each of the streets named, along about 21½ feet of Fifth avenue and 142 feet of G street; that said streets have been public thoroughfares in general public use for a long time; that de-

---

☞See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

fendant has been notified by plaintiff to remove said obstruction, but he has refused so to do; and plaintiff asks an injunction compelling defendant to remove said obstruction, and permanently enjoining him from obstructing in any way the part of said streets so occupied by his building. Defendant demurred to plaintiff's complaint on the ground that it states no cause of action, because it pleads no such interest in the city as authorizes it to have an injunction against obstruction of a street.

J. Lindley Green, of Seward, for plaintiff.
Arthur Frame, of Anchorage, for defendant.

RITCHIE, District Judge. The right of a municipal corporation to enjoin and compel the removal of an obstruction in a city street has been denied in some jurisdictions, but I think the great weight of authority, especially in recent years, favors such relief in an equitable suit. This rule is stated in Pomeroy's Equity Jurisprudence, § 1349. McQuillin's Municipal Corporations says (section 1371):

"The general rule is that a municipality may sue to enjoin the continuance of, and abate, a permanent obstruction in a street or alley; and it seems according to the adjudications it is immaterial that the encroachment is prohibited by an ordinance imposing a penalty for violation thereof, or that the city may remove such obstructions"—citing many cases.

See, also, 37 Cyc. p. 252, 13 R. C. L. under Highways, § 200.

The rule seems to be briefly stated thus in New York v. Rice, 198 N. Y. 124, 91 N. E. 283, 28 L. R. A. (N. S.) 375:

"The appropriate way, even where an abutting owner claims to be entitled to maintain an obstruction on a street, is for the municipality to sue in equity to restrain him from maintaining, and to compel him to remove, the obstruction."

City of Roseburg v. Abraham, 8 Or. 509, the Oregon case cited by counsel for defendant, was a statutory action for damages under the Civil Code of that state; the section being identical with section 1149 of the Alaska Code of 1913. It reads as follows:

"Any person whose property is affected by a private nuisance, or whose personal enjoyment thereof is in like manner affected thereby, may maintain an action at law for damages therefor. If judgment

be given for the plaintiff in such action, he may, in addition to the execution to enforce the same, on motion, have an order allowing a warrant to issue to the sheriff to abate such nuisance."

In that case the city sued to recover $100 damages and for a warrant to abate the nuisance. The circuit court sustained a demurrer to the complaint, and the Supreme Court affirmed the judgment on the ground that the complaint failed to aver that the city of Roseburg had suffered any special damage. It was not a suit in equity but an action at law for damages, and the court held that the city had only the same right as an individual to sue under the statute, saying:

"The complaint merely alleges that the city has been wholly deprived of the use of the street. So had every citizen of Roseburg. If she can maintain this action, so can each of her citizens maintain a similar one, without alleging special damage."

In this case the city of Anchorage alleges that it is charged with the public duty of keeping its streets free of obstructions, and it asks a mandatory injunction to compel the removal of the obstruction alleged and a permanent injunction against its maintenance.

I cannot find, in any of the Oregon cases cited under the section involved in Roseburg v. Abraham, any denial of the right of injunction in a case like the one at bar, while some of them intimate that such a suit will lie.

The demurrer is overruled.

---

☜See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes