[No. 12892.   Department Two. — September 30, 1890.]

ROSALIE SCHAUFELE, APPELLANT, *v.* THOMAS
DOYLE ET AL., RESPONDENTS.

INJUNCTION — RAISING LEVEL OF STREET — TRESPASS — RIGHTS OF ABUTTING
OWNER. — An injunction will lie against trespassers to restrain the rais-
ing of the level of a street, where it appears that they are about to raise
it above the level of the property of an abutting owner, as such raising of
the street is an obstruction to the abutter's reasonable use of the street,
and an encroachment upon his individual rights.

·ID. — NONSUIT — AFFIRMATIVE DEFENSE — JUSTIFICATION UNDER AUTHOR-
ITY OF CITY. — An answer in a suit for an injunction justifying the act
done, under the authority of the city, cannot be considered upon a motion
for a nonsuit, where the defendants offer no evidence of their affirmative
.defense.

ID. — INSOLVENCY OF DEFENDANTS — OBSTRUCTION OF EASEMENT. — The
fact that the defendants in such action are solvent does not defeat the
plaintiff's right to an injunction, as the acts complained of constitute
such an obstruction of the plaintiff's easement in the street as to consti-
tute a permanent injury to the inheritance, which, if permitted to con-
tinue, would ripen into a right.

ID. — EMINENT DOMAIN — RIGHT TO COMPENSATION — EASEMENT IN STREET
— RIGHTS OF ABUTTING OWNER. — An abutting owner on a street has the
right of access to and egress from his land abutting on the street, which
right is property of which he cannot be deprived, even for a public pur-
pose, without compensation first made, and the right exists although the
abutter has no estate in fee in the street, but has only an easement
therein; and he is entitled to an injunction against a wrongful appropri-
ation of the street.

APPEAL from a judgment of the Superior Court of
Monterey County, and from an order denying a new
trial.

The facts are stated in the opinion of the court.

*Geil & Morehouse, N. A. Dorn,* and *W. M. R. Parker,*
for Appellant.

*W. A. Kearney,* and *William H. Webb,* for Respondents.

THORNTON, J. — Suit for an injunction.   The plaintiff
alleged in her complaint that she was the owner of and
carried on the business of keeping a hotel and lodging-
house, upon a certain lot fronting on Alvarado Street,

in the city of Monterey; that the defendants, who were insolvent, were unlawfully 'digging up and regrading Alvarado Street at various places between certain points thereon, and threatened to continue to do so; and unlawfully threatened to fill up and raise the grade of said street in front of plaintiff's premises to an additional height of about four feet, and thereby ruin her business, and damage her buildings in a sum not less than three thousand dollars, and render them useless and uninhabitable, and necessitate the filling up of her lot to a height of ten feet at the rear end, which would make access to it from that side impracticable and inconvenient; that said defendants in like manner threatened to tear up her sidewalk on said street, and dig up and destroy her sewerage system, and thereby render her premises unwholesome and uninhabitable, and create a nuisance that she would be compelled to abate; that she would suffer the destruction of her business, irreparable injury, and impoverishment if such threats should be carried out. Thus it appears the defendants were sued as mere naked trespassers; but they, in their answer, averred that they had the authority of the city of Monterey to raise the grade of Alvarado Street, and to place a sewer in the same, by virtue of a certain contract between them and the city, made and entered into pursuant to an act of the legislature entitled "An act to provide for work upon streets, lanes, alleys, courts, places, and sidewalks, and for the construction of sewers within municipalities," and approved March 18, 1885. (Stats. 1885, p. 147.) From the evidence introduced on the trial, it appears that the defendants were about to raise the level of the street about three feet above the level of plaintiff's hotel. Upon plaintiff's resting her case, defendants moved for a nonsuit upon the ground that it appeared from the evidence that any damage she might sustain by the performance of the proposed work could be fully compensated for in money; and that it did not appear

that the defendants were insolvent and unable to make such compensation. The court granted the motion, and from the judgment in favor of defendants, and an order denying a motion for a new trial, plaintiff has prosecuted this appeal. The defendants having offered no evidence of their affirmative defense, it cannot be considered here. They are presented here as naked trespassers, and must be so regarded in determining this appeal. The insolvency of defendants is entirely irrelevant, and that circumstance will be laid out of the case in passing on the questions to be herein determined.

The plaintiff here is an abutter on the street above mentioned, and like every abutter has the right of access to and egress from her land abutting on the street. This right of access and egress is property of which she cannot be deprived, though for a public purpose, without compensation first made. ( *Williams* v. *Railroad Co.*, 16 N. Y. 97–111; *Story* v. *Railroad Co.*, 90 N. Y. 122; 43 Am. Rep. 146; *Lahr* v. *Railroad Co.*, 104 N. Y. 268.) This right exists, though the abutter has no estate in fee in the street. Though she does not own the fee of the street, she does own an easement in it in the right of access to her lot, and egress from it, which are elements of such easement. (*Elizabethtown etc. R. R. Co.* v. *Combs*, 10 Bush, 382, 19 Am. Rep. 67, and cases above cited.) In *Lexington etc. R. R. Co.* v. *Applegate*, 8 Dana, 310, 33 Am. Dec. 497, the supreme court of Kentucky said, in discussing the rights of abutting owners to the use of a street, that "if it should appear that such use encroaches on any private right, or obstructs the reasonable use and enjoyment of the street, by any person who has an equal right to the use of it, we shall be ready to enjoin all such wrongful appropriation of the highway." On this subject, see Elliott on Roads and Streets, 526, 527, 537, and cases cited in notes. Upon the facts appearing in this case, we are of opinion that the reasonable use of the

street by the plaintiff is obstructed, and her individual rights are encroached upon, by the defendants, and that an injunction should have been granted. The injury here is to plaintiff's right of access to her hotel from the street, and egress from the hotel to the street. Like the injury in *Richards* v. *Dower*, 64 Cal. 62, it is a permanent injury to the inheritance, which, if permitted to continue, will ripen into a right. It will remain and continue to subject plaintiff to loss and damage, unless thousands of dollars are expended to obviate it. The court erred in granting a nonsuit. Nothing said above is intended to have any bearing on the question of the rights of the authorities of Monterey to improve the street involved herein, when proceeding under a constitutional statute, and in accordance with its provisions. Judgment and order reversed, and cause remanded for a new trial.

McFARLAND, J., and SHARPSTEIN, J., concurred.