[No. 13317.  Department Two. — June 26, 1891.]

SELINA A. HARGRO ET AL., RESPONDENTS, *v.* AMBROSE P. HODGDON, APPELLANT.

PUBLIC NUISANCE — OBSTRUCTION OF ALLEY — SPECIAL INJURY TO PLAINTIFF — PLEADING — SPECIAL DEMURRER — MOTION FOR JUDGMENT. — In an action to abate a nuisance caused by the obstruction of a public alley, although the complaint does not by explicit, positive averment state a special damage or injury to the plaintiff different in kind from that sustained by the general public, yet if that essential fact appears by plain and necessary implication, and no objection to the pleading is taken by special demurrer, the pleading will be upheld, upon a motion for judgment on the pleadings made at the commencement of the trial.

ID. — OBSTRUCTING ACCESS TO PRIVATE PREMISES — PRIVATE NUISANCE. — A private individual may maintain an action to abate an obstruction which, while obstructing the public highway, also cuts off access from his premises to the public highway, and thus becomes as to him a private nuisance.

ID. — DAMAGE TO PLAINTIFF — EQUITABLE RELIEF. — The plaintiff need not show, nor need the court find, any actual pecuniary damage to the plaintiff, to justify the abatement of the nuisance. The fact that the threatened injury to the plaintiff, by reason of the obstruction, is of such a nature that it is incapable of pecuniary estimation is ground for equitable relief.

ID. — INVASION OF SUBSTANTIAL RIGHT — CONTINUING TRESPASS — NOMINAL DAMAGE — ABATEMENT OF NUISANCE. — If a substantial right has

been invaded by a nuisance, especially if the wrong be in the nature of a continuing trespass of such a character that its continuance will create a right against the estate of another, or operate to deprive such person of a substantial right incident to his property, the nuisance will be abated, although the damage suffered is merely nominal.

PUBLIC ALLEY — DEDICATION. — Where the owners of land agreed to give a certain portion thereof for the purpose of opening an alley, and the alley was thereupon opened, and deeds and mortgages were made recognizing its existence, and it was kept open and accessible to the public and used by the public as a public alley for over thirty years thereafter, a dedication of the alley to the public is sufficiently shown.

ID. — EVIDENCE — MAP — STREET ASSESSMENT — GENERAL KNOWLEDGE OF PUBLIC. — A map showing the existence of the public alley, and a street assessment for its improvement, are admissible in evidence on the question of dedication, as tending to show general knowledge of the existence of the alley.

ID. — PRESCRIPTIVE RIGHT. — No right can be acquired in a public alley as against the public by an adverse holding.

ID. — ADVERSE POSSESSION — GATE ERECTED BY CONSENT of ABUTTING OWNERS — FREE ACCESS. — The fact that a defendant, who claimed title to an alley by adverse possession, erected a gate across its entrance, with the consent of the abutting owners, to prevent the deposit of rubbish in the alley, does not make his possession of the alley adverse, it appearing that the gate was opened and the alley at all times freely used by all who had occasion to use it.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion.

*Otto tum Suden,* and *John D'Arcy,* for Appellant.

To sustain a private action for the abatement of a public nuisance, the injury to the plaintiff must be distinct in kind, and not merely greater in degree than that of the general public. (*Bigley* v. *Nunan,* 53 Cal. 403; *Aram* v. *Schallenberger,* 41 Cal. 449.) The fact that the party bringing the action owns land fronting on the road upon which the nuisance is maintained, and has no other means of access to his land except over and along the road, does not show such special damage to the plaintiff, in addition to that sustained by the public, as to enable

him to maintain the action. (*Aram* v. *Schallenberger*, 41 Cal. 449; see *Crowley* v. *Davis*, 63 Cal. 460; *Payne* v. *McKinley*, 54 Cal. 532; *Tibbets* v. *Blade*, 60 Cal. 428; *Jarvis* v. *Santa Clara R. Co.*, 52 Cal. 438; *Grisbey* v. *C. L. W. W. Co.*, 40 Cal. 396; *Hogan* v. *C. P. R. R. Co.*, 71 Cal. 83; *San José R. Co.* v. *Brooks*, 74 Cal. 463.) No strength or conclusion can be deduced in favor of a dedication from mere travel across it by the public, without objection by the owner. (*Warren* v. *Jacksonville*, 15 Ill. 241, as approved in *Harding* v. *Jasper*, 14 Cal. 648.) Use, to accomplish dedication, must be of such duration that public interests and private rights would be materially impaired if the dedication were revoked and the use by the public discontinued. (*San Francisco* v. *Canavan*, 42 Cal. 541.) The map, made long after the dedication was supposed to be complete, and several years after defendant had erected his fences, was inadmissible. If a man has really acquired title to land, he cannot afterwards be mapped out of it by other persons. (*Payne* v. *English*, 79 Cal. 547.)

*Hutchinson & Campbell*, for Respondents.

An obstruction placed in the public highway, so as to abut upon the property of a private party, creates such special, peculiar, or particular damage as permits the private party to maintain an action for its removal. (*Ford* v. *Santa Cruz R. R. Co.*, 59 Cal. 290; *Schulte* v. *North Pacific Transportation Co.*, 50 Cal. 592; *Blanc* v. *Klumpke*, 29 Cal. 156; Wood on Nuisances, 758, 759; *Garitee* v. *Baltimore*, 53 Md. 422; *Lackland* v. *North Missouri R. R. Co.*, 31 Mo. 181; *Clark* v. *Peckham*, 10 R. I. 38; 14 Am. Rep. 654; *Cummins* v. *City of Seymour*, 79 Ind. 502; 41 Am. Rep. 618; *Mikesell* v. *Durkee*, 34 Ark. 512; *Walker* v. *Shepardson*, 2 Wis. 384; 60 Am. Dec. 423.).

TEMPLE, C. — Appeal from judgment and order denying defendant's motion for new trial.

This action is brought to abate a nuisance; to remove an obstruction placed by defendant in what is alleged to be a public alley, extending from Sixteenth Street northerly to Fifteenth, through the block bounded by these streets and Mission Street and Julian Avenue, in the city and county of San Francisco. The alleged alley is known as Lida Place or Court.

From the complaint it appears that plaintiff Selina Hargro owns a lot extending from Julian Avenue to Lida Place, and that defendant has erected a house in the alley, occupying the whole of it for a distance of thirty feet. From the measurements given it can be ascertained that for the greater part of this distance it abuts upon the property of plaintiff Selina, who is the wife of the other plaintiff, James Hargro, thus shutting her off to that extent from access to the alley. But there is no express allegation of such fact.

It is averred that the obstruction greatly damages plaintiff, decreases the value of her real estate, and jeopardizes her right in the alley; "that said house interferes with plaintiff's use and enjoyment of said alley, and plaintiff has already been damaged by said erection and maintenance of said house on said alley-way by the defendant, in the sum of two thousand ($2,000) dollars, United States gold coin."

The defendant denies all the allegations of the complaint, except that in regard to the erection and maintenance of the obstruction, the denials are qualified by the word "unlawfully," and avers ownership in defendant of the land claimed as an alley.

At the commencement of the trial, defendant moved for judgment on the pleadings, because the complaint states no special damage or injury to plaintiff. The motion was denied.

The same point is urged here, in connection with the further point that there was no evidence which tended to show peculiar injury to plaintiff.

In regard to the objection to the pleading, it may be noted that it was not made by demurrer, either special or general. It may be admitted that if the complaint does state injury to plaintiff, different in kind, and not in amount merely, to that sustained by the general public, it does so by inference only, and not by explicit, positive averment, as the rules of pleading require. In such a case the pleading would fall before a special demurrer, and the pleader would be permitted to amend. But when a party craftily lies by, in presence of such an objection, to spring it when, if sustained, it would be lethal, the sufficiency of the pleading will be tested by a very different rule. Then the pleading will be upheld, if the essential fact appears by plain and necessary implication.

The matter will be more fully considered in connection with the objection to the proof, and if our views as there expressed are correct, it will be manifest that, tried by such a test, the complaint is sufficient.

In regard to the obstruction, the facts are found as stated in the complaint, expressly stating, however, that the house abuts upon the rear of plaintiff's lot and cuts off twenty feet and six inches, or over two thirds of the alley frontage of her lot. The court also found that she suffered special injury thereby, but assessed no damages. It was further found that plaintiff's lot had never been occupied or improved.

It is claimed that this action cannot be maintained unless the plaintiff has suffered actual pecuniary damage; that the failure of the court to find any amount of damage is a finding that she has suffered none, much less damage peculiar or special to her, different in kind from that suffered by other members of the community; and it is asserted that there was no evidence tending to show such damage.

The doctrine asserted in *Bigley* v. *Nunan*, 53 Cal. 403, that it is pecuniary damage which constitutes the basis

of the action, is expressly limited to actions at law for damages; as to bills in equity, it is only said that the injury complained of must be special in character, and not merely greater in degree than that of the general public.

If a substantial right has been invaded, especially if the wrong be in the nature of a continuing trespass of such a character that its continuance will create a right against the plaintiff's estate, or operate to deprive plaintiff of a substantial right incident to her property, the nuisance will be abated, although the damage is merely nominal. Indeed, the fact that a threatened injury is of such a nature that it is incapable of pecuniary estimation is a well-known ground of equitable relief. (*Webb* v. *Portland Manufacturing Co.*, 3 Sum. 189; Wood on Nuisances, 825, 826, and cases there cited.)

That the plaintiff has suffered injury from the obstruction peculiar to herself, differing in kind from that suffered by others, is clear. The cases in this state seem to hold that to obstruct a public highway so as to completely prevent travel will not constitute a special injury to an individual such as will enable him to maintain a private action to abate the nuisance, even where such highway constitutes the only means by which the individual can reach his property. (*Aram* v. *Schallenberger*, 41 Cal. 449; *San José Ranch Co.* v. *Brooks*, 74 Cal. 463.)

But it has never been held that an individual cannot maintain an action to abate an obstruction which, while obstructing the public highway, also cuts off access from his premises to the public highway. So far as it does this, it becomes a private nuisance. His complaint is, not that it obstructs the street or road, but that it prevents him from reaching it.

Such was the case in *Blanc* v. *Klumpke*, 29 Cal. 156. The water frontage of plaintiff was cut off by piles driven in front of his lot, shutting him out from the common highway, — the navigable waters. The same character

of obstruction existed in *Schulte* v. *North Pacific Transportation Co.*, 50 Cal. 592, and in *Ford* v. *Santa Cruz R. R. Co.*, 59 Cal. 290. In these cases it was held that special injury resulted to the complainants from a public nuisance. The result is the same as though it had been held that it constituted both a public and a private nuisance; although the latter would seem the more accurate statement, for it is the obstruction of the street which renders it a public nuisance, and that is not the injury to the individual; that is, that it cuts him off from the street.

The only remaining question of importance in the case is, Does the evidence justify the decision to the effect that the alley in question is a public alley by dedication? There is a general finding to this effect, and the probative facts, or some of them, are also found. It is not stated that the general finding is based upon the probative facts found, but their correctness is not disputed, and so far as they go they constitute a convenient statement of the evidence conceded to be correct.

It appears from these findings that in October, 1853, Joseph H. Moore and Thomas Varney owned all of this block on the westerly side of the center line of the alleged public alley, and Ferdinand Vassault, Lucien Herman, and P. Theodule Brou owned the land on the east side of this line. Vassault and Herman proposed in writing to Moore and Varney as follows: " We .... agree to give ten feet from off the depth of our lots for the purpose of opening an alley twenty feet wide between our property and the property owned by yourself and others on the rear of ours, provided yourself and others owning said rear property will also give ten feet from the east line of yours, in order that the alley may be made continuous from Center to Tracy streets. .... Please let us know if you accept the proposition."

The next day Moore and Varney accepted this propo-

sition, also in writing. Center and Tracy streets were afterwards called, respectively, Sixteenth and Fifteenth streets.

Brou did not sign either part of this contract, but it is found that he consented to the dedication.

At the trial it was stipulated " that all the deeds, mortgages, and transfers of lots in Mission Block 35, between Julian Avenue and Mission Street, from those of the original owners down to those under which the present owners hold, recognize the alley on the block (in question) . . . . by making the depth of the lots fronting on Mission Street 182 feet, and those on Julian Avenue 84 feet, and most of them recognize the alley by name, and that a number of deeds and mortgages made and recorded from 1865 to January, 1886, executed by defendant, recognize said alley by name."

There can be no doubt that there was an offer to dedicate this alley on the part of all the proprietors, and that all of the present owners purchased with the understanding that it was a public alley, and had a right to so conclude from the acts of their vendors in selling the property. As to such owners, it is perhaps unnecessary to go further. (*Stallard* v. *Cushing*, 76 Cal. 472.)

But it is found that from the year 1857 the alley has been continuously and is now open and accessible to the public, and actually used by the public 165 feet northerly from Sixteenth Street. That portion of the street is the only part involved in this case.

It is a strong circumstance in this connection, that if this strip of land was not dedicated it still belongs to the original owners, not one of whom now owns a lot in this block. None of the present lot-owners claim to have purchased any part of this strip. The defendant claims under the statute of limitations. It is plain, therefore, that they and their vendees have regarded it as a public alley.

It is claimed that defendant has for many years had

actual possession of the portion of the alley involved in this case.

If it were a public alley, no rights could be acquired as against the public by such adverse holding. But the possession was not adverse. Defendant put a gate across the alley near Sixteenth Street, with the consent of abutting owners, to prevent the alley from being made a dumping-ground for rubbish, and the gate was opened and the alley at all times freely used by all who had occasion to make use of it. So far from tending to show an exclusive claim on the part of Hodgdon, it shows a recognition by him of the rights of others. He testifies that he himself made it an alley, and sidewalked it as such.

There was no error in the admission of the map and the street assessment. If they did not tend to prove an official acceptance of the alley, they were still admissible as tending to show general knowledge of the existence of the alley.

There was no objection to the testimony of Center, and we think it could not have been harmful.

The judgment and order should be affirmed.

BELCHER, C., and FITZGERALD, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Hearing in Bank denied.