[No. 696.  Decided December 22, 1892.]

## C. F. SEAL, *Respondent*, v. THE PUGET SOUND LOAN AND INVESTMENT COMPANY, *Appellant*.

CORPORATIONS — UNAUTHORIZED ACTS OF OFFICERS — RATIFICA-
TION — PLEADING AND PROOF.

Although a note and mortgage may have been executed by the president and secretary of a corporation without authority from its board of trustees, yet the corporation will be estopped from denying their authority where it appears that the corporation was aware of the transaction from the first and never objected or sought to repudiate it; that at regular meetings of its board of trustees the payment of the note and mortgage was considered and discussed, and in fact two payments made thereon out of the corporate funds; and that no act of repudiation was undertaken until two years after the execution of the note and mortgage, and after they had passed into the hands of innocent purchasers.

Under an allegation in a complaint for foreclosure of a mortgage of due authority of corporate agents to execute the mortgage, proof of subsequent ratification is admissible, as it is equivalent to an original authority.

*Appeal from Superior Court, Jefferson County.*

*John Trumbull*, for appellant.

*Carroll & Rohde*, for respondent.

The opinion of the court was delivered by

DUNBAR, J. — This action is for the foreclosure of a mortgage on certain real estate in which appellant, a corporation, was mortgagor.    The mortgage shows on its face that it was regularly executed by proper officers of the corporation.    The defense sought to be established is, that the mortgage was executed by officers of the corporation without authority from such corporation.    The referee before whom the testimony was taken finds as a question of fact that the note and mortgage were executed and delivered

by the president and secretary without being previously authorized by the board of trustees so to do.    Whether, considering all the testimony and exhibits in this case, we should be inclined to adopt the referee's finding in this particular is not necessary now to determine, for there is no question of the correctness of the further finding, that the action of the president and secretary was afterwards ratified by the corporation.

This mortgage was executed July 1, 1889, for the sum of six thousand dollars.    It was an instrument that the corporation had a right under the law to execute.    It was prepared by the attorney of the corporation, who by its by-laws is made the legal adviser of the company and board of trustees, and who is required by the by-laws to draw all contracts required, and to examine and pass upon the legality and sufficiency of all instruments submitted by the board of trustees, or its officers.    The testimony shows that the corporation was aware from the first of the existence of this mortgage; that they never objected to it or sought to repudiate it in any manner whatever, but on the contrary they endorsed and ratified its execution; that on May 22, 1890, the board of trustees at regular meetings considered and discussed this note and mortgage, and instead of there being any talk of repudiating it, they, on the other hand, by virtue of a motion made and passed by the board of trustees, appointed a committee to arrange for the payment of the same; and that on the 12th day of December, 1890, the corporation did actually make a payment out of its corporate funds on the note secured by said mortgage of fourteen hundred dollars; and on the 23d day of March, 1891, made another payment of seven hundred dollars.    And no act looking towards the repudiation of this mortgage was done until two years after its execution, and long after it had passed into the hands of innocent purchasers.

The testimony shows that this was not the only transaction of this kind wherein the corporation had ratified the actions of the president and secretary, and accepted their acts as binding upon it. This was an executed contract, and the record in this case plainly shows such a state of facts as under all the authorities would be held to be a ratification of the acts of its officers, and the corporation will, therefore, be estopped from denying the authority of its agents.

We think the objection is not well taken, that proof of ratification could not be admitted under the allegations of authority in the complaint. The ratification by a principal of an unauthorized act by an agent has a retroactive efficiency, and being equivalent to an original authority, an allegation of due authority is sustained by proof of such ratification. 2 Estee on Pleadings, § 1984; Abbott's Trial Ev., p. 32, § 28. And even if it were not authorized, this is an equitable action, and the court in the furtherance of justice will consider the complaint amended to correspond with the facts proven, when it can be rightfully done, as in this case. We believe that no injustice has been done to the defendant, and that it has in no way been misled by the pleadings.

The judgment is affirmed.

ANDERS, C. J., and SCOTT, STILES and HOYT, JJ., concur.