[Civ. No. 567. First Appellate District.—March 29, 1909.]

JOHN H. SIEVERS, Respondent, v. HENRY ROOT and THE WARREN IMPROVEMENT COMPANY, Appel-lants.

STREETS—OFFICIAL GRADE AT INTERSECTION—ADJUSTMENT BY OWNER—PERMANENT IMPROVEMENTS—RAISING OF GRADE WITHOUT COMPEN-SATION—INJUNCTION.—When, after the fixing of an official grade at the intersection of two streets, the owner of land abutting there-on conformed thereto and erected permanent and valuable improve-ments thereon, the supervisors cannot subsequently raise the official grade at such intersection to his serious loss and damage without first making compensation therefor as required by the constitu-tion, and when they have passed an ordinance requiring such raise in the grade without having made such compensation, the abutting owner may enjoin the enforcement of said ordinance until com-pensation is first made.

ID.—FINDING AS TO GRADE—ORIGINAL GRADE—EFFECT OF CHANGE—CON-STRUCTION OF FINDING—JUDGMENT.—A finding that the grade was

10 Cal. App.—22

fixed at ninety-five feet above base, which was the grade to which plaintiff's lot and improvements conformed, was not unsupported by evidence as to the plaintiff as to whom the change made by the ordinance was invalid and ineffective without compensation first made. The effect of such finding is only that as to plaintiff the grade remains as it was, and it is to be read only as affecting the parties to the action, and the right of plaintiff to enjoin the actual change. The finding as so made cannot affect the judgment granting the injunction.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Alexander & O'Donnell, for Appellants.

tum Suden & tum Suden, for Respondent.

HALL, J.—This is an appeal by defendants from a decree, adjudging that the lawful official grade of the crossing of Chestnut and Polk streets in the city and county of San Francisco is at ninety-five feet above base, and enjoining the defendants from filling in the said crossing above the said grade.

Plaintiff is and has been the owner for more than twenty years last past of a piece of land situate at the southwest corner of Polk and Chestnut streets, having a frontage of one hundred and thirty-seven and a half feet on the westerly side of Polk street, and a frontage of two hundred and seventy-five feet on the southerly side of Chestnut street. The premises were and are used in carrying on the business of a florist and in growing flowers and plants, and are improved with hothouses, constructed of glass in large part, and containing furnaces and apparatus for warming and heating said houses. The entire property, land and improvements, represents an investment of about $45,000.

At some time prior to August 10, 1903, the official grade at said crossing had been fixed and established at ninety-five feet above base. The land of plaintiff was and is on said grade, and the improvements thereon were built and are in accordance with said grade.

On the tenth day of August, 1903, the board of supervisors of the city and county of San Francisco adopted an ordinance, raising said grade twenty-five feet, and fixing it at one hundred and twenty feet above base with true gradients to the grades at the four several next adjoining crossings.

No compensation was ever made to plaintiff for any damage that might result to his property from the change in the grade of the streets or of said crossing, nor has he ever waived the right to such compensation or the prepayment thereof, or consented to such change.

The defendants, as licensees of the city and county of San Francisco, commenced to fill in said crossing, with the intent and purpose of raising the grade thereof from ninety-five feet above base to one hundred and twenty feet above base, and intended in connection therewith to raise the grade of Polk street as it adjoins the lot of plaintiff to correspond with such raise of the grade at the crossing.

The court found that if the defendants complete the filling of said crossing as they threaten to do, plaintiff's lot will be twenty-five feet below the level of the street, that his buildings will be destroyed in part, and the remainder made useless; that his lot of land will lose in value, and will have to be filled to the new grade at great expense, and that by reason thereof plaintiff will be damaged in the sum of $45,000.

While it may be true that the evidence hardly justifies the finding that plaintiff will be damaged in the full sum of $45,000, yet there is ample evidence to justify the finding as made in substance. The defendant Root himself testified that the filling in as intended by him would destroy in part some of the buildings. It would necessitate the removal of forty feet of the corner building. The grade of the streets at the crossing would be raised twenty-five feet above the base of the building. The base of the fill would encroach upon and over the lot at the corner from thirty-eight to forty feet unless restrained by a sufficient bulkhead. The fill as intended by defendant will raise the grade of Polk street along plaintiff's lot much above plaintiff's lot throughout its entire frontage on Polk street, as is disclosed by an examination of a diagram of the premises, thus shutting off all access to the street along that frontage except by stairways, unless the lot be filled to meet the raise in grade. As the land is now situate, the entire

lot is easily approached over an easy grade along Chestnut street from Van Ness avenue. If the crossing at Chestnut and Polk street be raised the intended twenty-five feet, this approach beyond this crossing will be rendered very difficult, unless the grade along Chestnut street from Van Ness avenue be raised to correspond, in which case the entire lot of plaintiff will be enclosed along its two street frontages by an embankment varying in height, at its lowest point of eight feet to a height of twenty-five feet at the highest point. It is thus perfectly apparent that the work being done by defendants will result in the absolute destruction of a considerable portion of the improvements on plaintiff's land, and will materially interfere with access to and from his land and the public streets adjoining his land.

True, two real estate agents stated that in their opinion the lot of plaintiff would be enhanced in value by the contemplated change in the grade. This was but an opinion, however, and, as one of them very frankly stated, how much it would be increased in value was a matter of conjecture. No one could say how much, "as there is nothing to base it on." Doubtless the learned trial judge gave little weight to these mere opinions as against evidence of physical conditions, patent to the senses, and confessedly involving the actual destruction of a portion of plaintiff's buildings.

That a land owner is entitled to compensation under the constitution of this state for such damages as were proved and found by the court in this case, is amply sustained by the following authorities: *Riordan* v. *San Francisco,* 66 Cal. 495, [56 Am. Rep. 109, 6 Pac. 317] ; *Schaufle* v. *Doyle,* 86 Cal. 107, [24 Pac. 834] ; *Eachus* v. *Los Angeles,* 103 Cal. 614, [42 Am. St. Rep. 149, 37 Pac. 750] ; *Geurkink* v. *Petaluma,* 112 Cal. 310, [44 Pac. 570] ; *Eachus* v. *Los Angeles,* 130 Cal. 494, [80 Am. St. Rep. 147, 62 Pac. 829] ; *Bigelow* v. *Ballerini,* 111 Cal. 566, [44 Pac. 307].

He may recover his damages in an action at law, after they have been inflicted (*Riordan* v. *San Francisco,* 66 Cal. 495, [56 Am. Rep. 109, 6 Pac. 317] ; *Eachus* v. *Los Angeles,* 103 Cal. 614, [42 Am. St. Rep. 149, 37 Pac. 750] ; *Eachus* v. *Los Angeles,* 130 Cal. 494, [80 Am. St. Rep. 147, 62 Pac. 829]) ; or he may prevent the threatened injury by injunction. (*Schaufle* v. *Doyle,* 86 Cal. 107, [24 Pac. 834] ; *Geurkink* v.

*Petaluma,* 112 Cal. 310, [44 Pac. 570]; *Duncan* v. *Ramish,* 142 Cal. 694, [76 Pac. 661]; *Brown* v. *Seattle,* 5 Wash. 35, [31 Pac. 313, 32 Pac. 214].)

In *Brown* v. *Scattle,* 5 Wash. 35, [31 Pac. 313, 32 Pac. 214], the injury threatened was by a cut in the grade of the street adjoining the plaintiff's lot. It was held that such grading might be enjoined unless the damage to the abutting owners' property has been ascertained, and compensation made, before the work is done.

This case is on all-fours with the case at bar, except in the Washington case the *city* was enjoined, and it did not appear that the work would result in any actual destruction of the plaintiff's property.

The case has been cited with approval in *Bigelow* v. *Ballerini,* 111 Cal. 566, [44 Pac. 307], and in *Guerkink* v. *Petaluma,* 112 Cal. 310, [44 Pac. 570], especially to the point that injunction is the proper remedy. "Until compensation was made, the city [or its licensee] had no right to damage the plaintiff's property. Payment of such damage was a condition precedent to the creation of the right; and, until payment, the city was a trespasser. In such a case injunction is the plain, ordinary, and best remedy." (*Geurkink* v. *Petaluma,* 112 Cal. 310, [44 Pac. 570].)

The court found that the grade of the crossing in question was ninety-five feet above base. This finding is attacked as not supported by the evidence, in view of the adoption, by the board of supervisors, of the ordinance changing the grade to one hundred and twenty feet. The court in making this finding treated the ordinance as invalid as against plaintiff, and the finding is of course to be read only as it affects the rights of the parties to this action. Until compensation has been made to plaintiff for the damage to his property, the ordinance changing the grade is as to him invalid and of no effect. The effect of this finding only is that as to plaintiff the grade remains as it was. Until he has been compensated for his damages the mere paper change in the grade is of no effect, and the ordinance making such change "is without force or validity to work the taking or damaging" of plaintiff's "property until compensation has been made." (*Bigelow* v. *Ballerini,* 111 Cal. 566, [44 Pac. 307].)

But whether or not the grade has in legal effect been changed, and no longer can be said to be at ninety-five feet above base, it has not in fact been changed. Until compensation has been made to plaintiff he may enjoin the actual change of the grade, though it has been officially established at one hundred and twenty feet. The finding criticised cannot affect the judgment.

Appellant makes some minor points not affecting the judgment. The findings of the court, supported by sufficient evidence, show that defendants are attempting to change in fact the former established grade of the crossing in such a way as in part to destroy and greatly damage the property of plaintiff, without first making to him compensation for such destruction and damage. Under the well-settled law of this state this may not be done.

The judgment is affirmed.

Cooper, P. J., and Kerrigan, J., concurred.