[No. 12147.  Department One.  December 15, 1914.]

## S. BEST *et al.*, *Respondents*, v. THE CITY OF CHEHALIS, *Appellant*.[1]

MUNICIPAL CORPORATIONS — STREETS — IMPROVEMENT — ORIGINAL GRADE—RIGHTS OF ABUTTERS. In the absence of negligence, the city is not liable to abutting owners for the removal of lateral support in making the original grade of a dedicated street wholly within the limits of the street; and since the dedication implies the right to make an original grade, Const., art. 1, § 16, prohibiting the taking or damaging of property for public use without just compensation has no application.

Appeal from a judgment of the superior court for Lewis county, Rice, J., entered February 11, 1914, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for damages through the removal of lateral support. Reversed.

*W. A. Reynolds*, for appellant.

*H. E. Donohoe* and *C. A. Studebaker*, for respondents.

Gose, J.—This is an action for damages for the removal of lateral support flowing from an original grade of a street. There was a verdict and judgment for the plaintiffs. The defendant has appealed.

Counsel for the respondents state their case in their brief as follows:

"This is an action for damages occasioned respondents by appellant in removing the lateral support of respondents' property in Chehalis, Washington. It was charged in the complaint, admitted in the answer, and proved by witnesses that the earth was entirely removed to respondents' property line. As a result of this, such embankments caved off and slipped into the street. The soil was of a slippery, soap-stone variety. City officials, testifying for appellants, admitted that they knew the embankments would fall but made no effort to prevent same."

[1]Reported in 144 Pac. 918.

At the close of the evidence, the appellant moved for a directed verdict in its favor, for the following reasons: First, because it is shown by the pleadings and the evidence that the grade was an original one, that the cut was wholly within the street, and that the grading was done by the city in pursuance of proceedings regularly and lawfully taken; second, because there was no evidence that the city was guilty of negligence in the prosecution of the work; third, because the only complaint of the respondents is that the city failed to provide a retaining wall in its plans for the improvement of the street.

The motion should have been granted. *Schuss v. Chehalis*, *ante* p. 595, 144 Pac. 916.

Reversed.

CROW, C. J., MORRIS, PARKER, and CHADWICK, JJ., concur.