[Civ. No. 1361. Third Appellate District.—June 8, 1915.]

MAURICIA T. MINTZER, as Administratrix, etc., Appellant, v. CITY OF RICHMOND (a Municipal Corporation), Respondent.

ACTION FOR DAMAGES—RAISING OF STREET GRADE—INJURY TO ABUTTING PROPERTY—APPEAL—ABSENCE OF EVIDENCE—PRESUMPTION.— Where in an action against a municipal corporation for damages to abutting property from the raising of the grade of the street in front thereof, the defendant relies upon the defenses that no damage was done to plaintiff thereby, and that she was estopped by reason of the dedication of the street from claiming any compensation for damage, a general verdict in favor of the defendant embraces both issues, and upon an appeal from the judgment, it must be presumed in support of the verdict, where the evidence is not contained in the record, that if any evidence on the subject was introduced, it showed that no damage was done to the property.

ID.—APPEAL—ERROR IN INSTRUCTION—EVIDENCE.—It is incumbent upon the party appealing to show, not only abstract error, but error prejudicial to him upon the facts in evidence; and to avail himself of the point that an instruction was erroneous, he must bring before the court sufficient evidence to show that, upon a proper instruction, there might have been a finding in his favor.

APPEAL from a judgment of the Superior Court of the County of Contra Costa. J. E. Barber, Judge presiding.

The facts are stated in the opinion of the court.

J. K. Johnson, for Appellant.

D. J. Hall, for Respondent.

D. C. Dutton, and Donald Horne, *Amici Curiae.*

BURNETT, J.—The action for damages caused to the abutting property of plaintiff's intestate by the grading of the street in front of said property resulted in a verdict by a jury in favor of defendant. The appeal is from the judgment. The complaint is unobjectionable in form and the particular portion to which attention may be invited is the following: "That within two years last past, defendant, by its agents, servants or employees, raised the grade on said Cottage

Avenue in front of said cottages and lots and houses of plaintiff by depositing earth, sand, gravel and rock and other materials thereon to a height of about fifteen feet above the natural grade of said Cottage Avenue and the ground whereon the said houses and cottages stand on the said land and premises of plaintiff.

"That by the acts of defendant as aforesaid the houses and cottages and lots of plaintiff were and are made inaccessible from said Cottage Avenue, and plaintiff's said tenants were unable to obtain ingress and egress to and from said Cottage Avenue, and on account thereof said tenants quit.

"That plaintiff is informed and believes and therefore according to and upon her said information and belief states that by reason of the raising of the natural grade of Cottage Avenue in front of plaintiff's property as aforesaid by said defendant, the natural flow of the surface water on said lots was changed, and the said surface water was thereby caused to flow across said lots down to the corner of Castro Street and Cottage Avenue.

"That by reason of the acts of the defendant as aforesaid the said land and real estate and premises and the cottages and houses and structures thereon were and are permanently depreciated in value, and were and are permanently damaged in the sum of five thousand dollars."

In its answer defendant admitted that it raised the grade of said Cottage Avenue in front of said cottages and lots but alleged "that the said grade in front of said cottages was not at any point or part thereof raised in excess of seven feet above the natural grade of said Cottage Avenue and the ground whereon the said houses and cottages stand on the said land and premises of plaintiff": denied that by any act of defendant any of said property was made inaccessible from said avenue, or that plaintiff or any of the tenants was unable to obtain ingress or egress to or from said avenue or that on account thereof any tenant quit the premises; denied that any damage whatever was done to said premises or any portion thereof but to the contrary alleged "that by reason of the changing of the grade of said Cottage Avenue, the premises of defendant, described in said complaint, were and are greatly enhanced and increased in value."

As a separate defense to said action it was alleged that the raising of said grade was done in strict accordance with the

act of the legislature commonly known as the Vrooman Act, that said official grade was established on July 22, 1907, and that plaintiff's intestate had full knowledge of everything done in connection therewith and made no objection whatever but, on the contrary, acquiesced therein and fully consented thereto.

The further defense is set up that plaintiff's intestate, on May 10, 1900, had filed a map in the county recorder's office of said lots and others abutting upon said avenue of which she was the owner and that for the purpose of selling said lots she "laid out and delineated and dedicated to public use said Cottage Avenue"; that all of said lots except those described in the complaint had been sold prior to said grading and improving of Cottage Avenue; that at all times she knew "that the natural grade of said Cottage Avenue, as delineated and dedicated, as aforesaid, was by reason of the steepness of the grade thereof impracticable and inaccessible to teams or vehicles of any kind and plaintiff's intestate well knew during all of said times that in order to make the said property abutting said Cottage Avenue accessible for teams and vehicles the said Cottage Avenue would have to be graded and improved to the said official grade thereof."

A demurrer to said special defenses was overruled by the court.

Appellant claims that the vital questions involved in the case and of which discussion is invited are: "1. Does the dedication of a street imply the right in the municipality, in making the original grade of the street, to damage abutting property of the dedicator without paying just compensation? 2. Is a different rule to be applied where damage is done in bringing a street for the first time to the official grade, and where damage is done in changing the grade of a street from one official grade to another?"

Appellant contends for the negative of both of these propositions and in support thereof cites section 14 of article I of the constitution of California; *Reardon* v. *San Francisco,* 66 Cal. 492, [56 Am. Rep. 109, 6 Pac. 317]; *Eachus* v. *Los Angeles Ry. Co.,* 103 Cal. 614, [42 Am. St. Rep. 149, 37 Pac. 750]; *Bancroft* v. *City of San Diego,* 120 Cal. 433, [52 Pac. 712]; *Sievers* v. *Root,* 10 Cal. App. 337, [101 Pac. 925]; *Sallden* v. *City of Little Falls,* 102 Minn. 358, [120 Am. St. Rep. 635, 13 L. R. A. (N. S.) 790, 113 N. W. 884]; *City of Louisville*

v. *Harbin* (Ky.), 61 S. W. 1011; *Bartels* v. *City of Houston,*
32 Tex. Civ. App. 389, [74 S. W. 326] ; *Pickles* v. *City of
Ansonia,* 76 Conn. 278, [56 Atl. 552] ; *Less* v. *City of Butte,*
28 Mont. 27, [98 Am. St. Rep. 545, 61 L. R. A. 601, [72 Pac.
140.]

Respondent answers in the affirmative and relies upon the
Eachus case: 4 Dillon on Municipal Corporations, secs. 1684
and 1685; *Schuss* v. *Chehalis,* 82 Wash. 595, [144 Pac. 916],
and *Best* v. *Chehalis,* 82 Wash. 601, [144 Pac. 918].

The court below agreed with respondent and it gave the
jury the following instruction: "You are instructed that if
plaintiff's intestate, Emily S. Tewksbury, dedicated for use
as a public highway the street upon which the property in
question abuts, the defendant, city of Richmond, is not liable
for damages resulting to the said property by reason of the
grading of the street so dedicated for the first time, provided
such grading was done only to the extent necessary to make
such street available for public use as a street or highway."

The consideration thus presented is very interesting but,
while having a decided conviction concerning it, we are per-
suaded that its decision is unnecessary for the determina-
tion of this appeal. Any views that we might express upon
the subject, therefore, would be *obiter* and of mere academic
interest and they had better be deferred until the legal exi-
gency of the situation demands an expression of them.

The foregoing statement is made in view of the fact that
the evidence is not brought up in the record. It must be
remembered that defendant relied upon two defenses: 1. That
no damage was done to plaintiff; and, 2. That she was
estopped by reason of the dedication from claiming any com-
pensation for damage, if she suffered any.

The jury was fully instructed as to the measure of damage
in the event it was found any had been inflicted. But as the
record shows no damage it must be assumed that there was
no evidence offered or received to the effect that injury was
inflicted. In fact, we must assume, in support of the ver-
dict, that if any evidence on the subject was introduced it
showed that no damage was done to the property in contro-
versy. The general verdict, of course, embraces both issues,
and since, under the view we must take of the record, the first
is determinative of the appeal the second becomes unimpor-
tant. The case would be no different in principle if it had

been tried by the court and it had been found that no damage was done to plaintiff and also that plaintiff was estopped from claiming any damage to her property. The first being supported by the evidence or by the absence of evidence of damage, any errors committed as to the second finding would be disregarded.

"In the absence of the evidence, the relevancy and propriety of an instruction which the court refused to give, cannot be reviewed on appeal." (*California Cent. Ry. Co.* v. *Hooper,* 76 Cal. 404, [18 Pac. 599].)

"It is incumbent upon the party appealing to show, not only abstract error, but error prejudicial to him upon the facts in evidence, and to avail himself of the point that an instruction was erroneous, he must bring before the court sufficient evidence to show that, upon a proper instruction, there might have been a finding in his favor. If he does less than this he presents for consideration a mere question of abstract error." (*Hamilton* v. *Pacific Elec. Ry. Co.,* 150 Cal. 776, [89 Pac. 1109].)

Manifestly, if the record disclosed that the case was tried upon the theory of estoppel only or if it appeared that the court would not permit appellant to offer evidence of damage to her property the situation would be entirely different. But the burden being upon appellant to show that any error, if committed, was prejudicial and she having failed in that particular, we think the judgment should be affirmed and it is so ordered.

Chipman, P. J., and Hart, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on July 8, 1915, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 5, 1915.