[Civ. No. 1141. Fifth Dist. Apr. 28, 1970.]

VICTOR TAHAN, Plaintiff and Appellant, v.
SHERMAN THOMAS, Defendant and Respondent.

**COUNSEL**

Eugene A. Biglow for Plaintiff and Appellant.

Sherwood Green and Denslow Green for Defendant and Respondent.

## OPINION

**GARGANO, J.**—Plaintiff brought this action against defendant in the court below to recover damages to his land; he inter alia alleged that the land was inundated by the flood flows of the Fresno River when defendant unlawfully built a dike across a county road. After issue was joined on the complaint, defendant moved for a summary judgment and the motion was granted. Plaintiff appeals from the adverse judgment.

For the purpose of this appeal, the undisputed facts are these: Defendant owns land in Madera County which he has farmed since 1929. The land is located within proximity of the Fresno River southwest of a point where the river overflows its banks on the average of once every two or three years; the overflow travels in a generally flat sheet in a westerly and southwesterly direction, and defendant's land lies in the path of these flood waters.

Prior to July 1964, defendant's land was protected from the floodwaters of the river by a levee which has been in existence for about 20 years. The levee is south of Avenue 14, a county road, traverses the north boundary of defendant's land and continues west for a distance of about two miles; when the flood waters reached the levee, they flowed in a westerly direction until they reached the end of the levee and spread west and southwesterly.

In July of 1964 Madera County constructed county Road 16. The road is paved, travels north and south, bisects defendant's land and cuts through the historic levee, leaving a wide gap. It was constructed by the county on lands acquired from defendant and others.

In April 1967, the Fresno River again overflowed its banks along the south side. The flood waters followed their usual path, reached the intersection of Avenue 14 and Road 16, inundated this intersection and converged through the gap in the levee, threatening defendant's land. Then, defendant, using a bulldozer, built a dike across Road 16, re-creating the original condition; the dike caused the water to flow along the levee in a westerly direction.

Plaintiff's land is located approximately four miles west of defendant's land; it was inundated by the flood waters which were diverted by defendant in its direction. The land was purchased by plaintiff in 1965, about one year after county Road 16 was constructed. Before purchasing the land plaintiff investigated the flood conditions, talked to county officials and studied the existing road system. He relied on the road system and on the fact that county Road 16 cut through the historic levee when he purchased the land.

Defendant does not deny that he constructed the dike on county Road 16 without the county's knowledge or consent. He also admits that it is the statutory law of this state that "anything which . . . unlawfully obstructs the free passage or use, in the customary manner of any . . . square, street or highway, . . ." is a public nuisance (Civ. Code, §§ 3479-3480). Defendant relies on the "public enemy doctrine" to avoid liability; under this doctrine, waters which escape from a river, stream or other natural water course are deemed the common enemy, and a landowner may protect his land from such waters by the erection of defensive barriers even though the risk of damage to other lands is increased (*Lamb* v. *Reclamation Dist. No. 108,* 73 Cal. 125 [14 P. 625]; *McDaniel* v. *Cummings,* 83 Cal. 515 [23 P. 795]; *Clement* v. *State Reclamation Board,* 35 Cal.2d 628 [226 P.2d 897]). Defendant also maintains that because county Road 16 was already inundated and closed to public travel, he did not commit a nuisance under Civil Code section 3479; he did not unreasonably obstruct the road's "free passage or use, in the customary manner." Lastly, defendant argues that even if the construction of the dike on the county road amounted to a public nuisance under section 3479, the plaintiff could not recover damages against him because he was not a member of the class protected by that section; it is the rule that a private person may maintain an action for a public nuisance if it is "specially injurious to himself, but not otherwise." (Civ. Code, § 3493; *Hargo* v. *Hodgdon,* 89 Cal. 623 [26 P. 1106].)

■ Defendant's arguments are diversionary and do not come to grips with the real issue. ■ While the decisional law of this state embraces the "common enemy" doctrine first articulated in the early English case of *Rex.* v. *Commissioners etc.* 89 Barn. & C. 355, a landowner's right to protect his land from flood waters, to the detriment of adjoining landowners, is not without limitation; the governing principle is whether the steps taken are reasonable under all of the circumstances (*Jones* v. *California Dev. Co.,* 173 Cal. 565 [160 P. 823]). ■ Consequently, the critical question presented in this appeal is not whether defendant was guilty of a public nuisance under Civil Code section 3479 or whether plaintiff was a member of the class protected by that section, as defendant would have us believe. It is whether the record indisputably shows that defendant's conduct in constructing a defensive barrier over a public road to protect his land from inundation from flood waters was reasonable, as a matter of law. It is elementary that a summary judgment is improper if there are any triable material issues (*Bank of America etc. Assn.* v. *Casady,* 15 Cal.App.2d 163 [59 P.2d 444]). As this court has said on at least two occasions: "If, after an examination of the affidavits, doubt exists as to whether summary judgment should be granted,

such doubt should be resolved against the moving party." (*Johnson* v. *Banducci,* 212 Cal.App.2d 254, 261 [27 Cal.Rptr. 764]; *Silver Land & Dev. Co.* v. *Cal. Land Title Co.,* 248 Cal.App.2d 241, 242 [56 Cal. Rptr. 178].)

We believe that the answer to the question we have posed is in the negative. In short, whether the construction of a dike over a public road by defendant was reasonable is an issue of fact, and it must be resolved by the trier of the fact. (*Keys* v. *Romley,* 64 Cal.2d 396, 409 [50 Cal.Rptr. 273, 412 P.2d 529].)[1]

First, albeit the cases are legion that a landowner may construct defensive barriers on his own land to protect the property against flood waters, defendant has not cited, nor has our independent research uncovered, a single case which holds that he may construct such barriers on public roads or other public improvements to the detriment of adjoining landowners and taxpayers. In fact, by constructing a dike across county Road 16, without first securing the county's consent, defendant committed an unlawful act under chapter 6 of division 2 of the Streets and Highways Code. And, while we hesitate to declare that the obstruction of a county road, without the requisite permit, is never reasonable, we are also reluctant to hold that such an obstruction is reasonable, as a matter of law, merely because the road is inundated and the property owner's land is threatened. Such a holding would invite landowners to take the law in their own hands and could eventually lead to disastrous results. As the trial judge wisely observed, if defendant did not have the legal right to construct a dike on the county road without the county's permission, did not his neighbors to the west have the right to tear it down? If so, is it not incongruous to hold, as a matter of law, that they have no right to recover damages.[2]

Second, defendant knew that the Fresno River overflowed its banks on the average of once every two or three years, that his land was in the path of the flood waters and that county Road 16 cut through the levee that protected the land, leaving a wide gap for the full width of the road. He also knew, or should have known, that the flood waters would con-

---

[1]Although the *Keys* case deals with surface waters, it emphasizes the necessity of reasonable conduct and reaffirms the proposition that reasonableness is a question of fact to be determined in each case upon a consideration of all of the relevant circumstances.

[2]Defendant asserts that obstructions of a temporary nature which do not unduly and unreasonably interfere with the rights of the public are permissible. However, the cases which he cites for this proposition are distinguishable. They are cases dealing with temporary encroachments which are incidental to the use of the road itself, such as the deposit of merchandise or freight. (See *Fisher* v. *Los Angeles Pac. Co.,* 21 Cal.App. 677 [132 P. 767].)

centrate at the intersection of Avenue 14 and Road 16, and then converge through the gap in the levee; it is common knowledge that flood waters, like surface waters, will funnel into paved roads over which the water will freely flow. Thus, arguably, defendant knew or should have known that a person (such as plaintiff) who contemplated the purchase of land lying to the west of his farm and who had investigated the flood conditions, would probably rely on the public road system in existence at that time and on the fact that county Road 16 cut through the levee, removing, in large part, the barrier which diverted the water westward. Nevertheless, defendant either consented to the road layout or he stood idly by without taking any steps to cause the county to rectify the condition. Manifestly, it cannot be said that defendant's conduct in constructing the dike over the public road in order to divert the water westward was reasonable as a matter of law.

Third, when the county cut the gap through the levee, at a point where it traversed defendant's farm land, the county depreciated the value of the land by making it susceptible to inundation from periodic overflows of the Fresno River. ■ It is basic that a landowner whose property has been injured as a direct or proximate result of the construction of a public improvement is entitled to compensation for the injury inflicted (Cal. Const., art. I, § 14; *Archer* v. *City of Los Angeles,* 19 Cal.2d 19, 24 [119 P.2d 1]; *Clement* v. *State Reclamation Board, supra,* 35 Cal.2d 628). ■ Conceivably, the county adequately compensated defendant for depreciating the value of his land, and this damage was absorbed by the county as part of the acquisition costs; defendant alleged that county Road 16 was constructed on lands acquired from defendant and others. It would be absurd to hold that a landowner whose land was made susceptible to inundation from floodwaters as the result of the construction of a public improvement and who was adequately compensated by the public agency for the injury, may nevertheless interfere with the improvement, to the detriment of adjoining landowners and taxpayers, in order to protect his land from the very contingency for which he was compensated with tax funds, and that his conduct was reasonable as a matter of law under the "public enemy" doctrine.

The judgment is reversed.

Stone, P. J., and Coakley, J., concurred.

A petition for a rehearing was denied May 26, 1970, and respondent's petition for a hearing by the Supreme Court was denied June 24, 1970.